# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 28 2023

JEFFREY P. COLWELL
CLERK

Civil Action No.     23-cv-2835

(To be supplied by the court)

JILL COIT, Plaintiff
v.
ANDRE STANCIL
GOVERNOR JARED POLIS
RYAN LONG
CAPTAIN CERBO
LT. RAY
CAPTAIN K. MESTAS
CAPTAIN B. DONNELLY
MAJOR GATES-FOUSE
DR. MAUL
N. P. REILLY
N. P. VICTOROFF
HSA N. PRICE
MAJOR GARY LITTLE
JANET SMITH
A. JACOBSON-SANCHEZ
CAPTAIN JOHN SMITH
LT. WOMACK
LT. A. DONNELLY
LT. T. SMITH
CHARLEEN CROCKET
KERRI DELAROSA
JASON SMITH
CAPTAIN D. DAVIS
~~LT. WOMACK~~   L.   PUGA
LT. BOLTON
TINA CULLFORD
PERKINS- DIETITIAN
ERIC JACOBI
L. BURROWS
DR. BROWN
MICHAEL DUSSART
DENNIS HOUGHNON
JANE AND/OR JOHN DOE(S) ~~#12 THROUGH #15~~

DECEASED SGT. JOSH LANG, Defendant(s).

**JURY**
**(PLEASE CHECK ONE)**
__X__ YES ____NO

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## AMENDED PRISONER COMPLAINT

<div style="border:1px solid">

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

</div>

### A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

JILL COIT #86530 UNIT 2-D-120 DWCF P.O. BOX 392005, DENVER, CO 89293

(Name, prisoner identification number, and complete mailing address)

NONE ONLY MARRIED NAMES

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____ Pretrial detainee

____ Civilly committed detainee

____ Immigration detainee

__X__ Convicted and sentenced state prisoner

____ Convicted and sentenced federal prisoner

____ Other: (*Please explain*) Plaintiff is blind & can't read normal size print, request that any communication sent by this court or Defendants be in at least size 22 point so can read independently or allow documents to be scanned onto a computer to be read or telephone meetings. **Exhibit H**-Eye Report of 6/27/23

### B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If*

2

*more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:  ANDRE STENCIL 1250 ACADEMY PARK LOOP, COLO. SPRINGS, CO 80910
                              (Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X__ Yes ___ No (*check one*).  Briefly explain:

 EXECUTIVE DIRECTOR OF CDOC –Title 17-1-101 ET Seq

Defendant 1 is being sued in his/her ___ individual and/or X official capacity.

Defendant 2:    RYAN LONG   1250 ACADEMY PARK LOOP, COLO. SPRINGS.,CO. 80910
                              (Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X__ Yes ___ No (*check one*).  Briefly explain:

WARDEN OF DWCF - Title 17-1-101 ET Seq

Defendant 2 is being sued in his/her ___ individual and/or X official capacity.

Defendant 3:    Governor Jared Polis, Governor of Colorado   STATE CAPITAL., DENVER Co.
                              (Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? X Yes ___ No (*check one*).  Briefly explain:

Appoints Executive Director and is responsible for all of CDOC  & Title 17-1-101 ET Seq

Defendant 3 is being sued in his/her ___ individual and/or _X official capacity.

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

X____    State/Local Official (42 U.S.C. § 1983)
____    Federal Official

As to the federal official, are you seeking:
___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,*

403 U.S. 388 (1971)
_√_ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. §

3

2201,ADA Title II, Rehabilitation Act,RULPA

Other (please identify) Mackes and Montez Class Action

Short and Concise Statement

    Being sexually assaulted for a 3rd time by a cDOC employee-Sgt. Josh Lang on 10/31/21 is not part of my sentence. Capt. Cerbo had knowledge Lang was being "to familiar" with offenders. Further CDOC AR 150-01 #21 creates the envirementthat envites staff to be sexual with offenders-this violates PREA. I am a  "BLIND" (20/200)) elderly (6/11/44), disabled, confined to a wheekchair Jewish inmate. Retaliation, harrassment & discrimination increased 10 fold after I Reported staff sexual abuse. I am having trouble finding a reason to live as i am in constant pain & can not even get ice for swollen joints. I believe I have no other recourse but to file this law suit so the world willknow what happens when staff rape is reported. (Typed by GW as Coit is Blind can't read normal size print.)

3A

~~2201, ADA TITLE II, Rehabilitation Act, Mackes, Montez~~

Other: ~~(*please identify*) Mackes and title II ADA~~

**( A. ) CLAIM ONE**: 8th & 14th Const. Amendments, Colorado Const., Colorado Anti-Discrimination
Act & Retaliation for reporting staff sexual abuse;  **FAILURE TO** :  protect, investigate & interview
witness in a timely manner; have adequate security system to save tapes; implement policy, procedures
& safeguards to protect Plaintiff (vulnerable disabled offender) from sexual abuse by staff; provide
ADA cell & medical accommodations to make plaintiff independent; secure body integrity; housing
Plaintiff in facility known for high staff sexual abuse (DWCF); Defendants had knowledge of risk yet
turned a blind eye to risk; supervisory staff disregarded PREA & AR's in reporting staff misconduct;
to train OIG & investigators to protect victims of sexual abuse by staff & protect their property;
provide DWCF Mental Health counseling, and outside mental health counseling; deliberate
indifference to serious medical needs; Failure to follow own Administrative Regulation; Place false
COPD charges.

Defendant(s): Stancil and Doe(s) #1 at Headquarters & DWCF Doe(s) #2 DWCF staff  including
Long, Cerbo, Ray, Mestas, Dr. Brown & deceased Sgt. Lang

**Supporting facts**:

(1.)  Plaintiff  has now been sexually assaulted/raped by a <u>third CDOC staff member</u>, DWCF Sgt. Josh
Lang on 10/31/21 who committed suicide about 3 days after Plaintiff stated she would tell.

(2.)  Plaintiff was not capable of giving consent because Sgt. Lang drugged her under the pretense of
providing a pill that would stop her migraine (Plaintiff believes it was Fentanyl-blue/gray pill).

(3.)  Plaintiff alleges Sgt. Lang used his position as CDOC/DWCF employee/correctional staff to
accomplish this sexual assault/rape & drugging. Plaintiff had an appointment with Sgt. Lang to discuss

4

her 'Special Diet' & to see if the kosher diet would meet her medical needs & to see if calorie intake

was adequate for FTM transgender. Assault occurred in offender bathroom # 143.

(4.) Plaintiff was a 77 years old, legally blind, disabled & in a wheel chair. Being raped by staff is not

part of her sentence & there is no legitimate penological reason for Plaintiff to be sexually assaulted by

staff or retaliated against. Plaintiff is now blind.

( 5. ) Plaintiff does not remember much of the assault but knows she screamed in pain & Lang put his

hand over her mouth when she screamed when he tried to separate her legs (Plaintiff needed total left

hip replacement & separating legs painful). Plaintiff alleges Lang ejaculated on her back.

( 6. ) According to Lt. Ray's written report, he counseled Sgt. Lang for being "too familiar" & reported

this to Cerbo who didn't follow procedure, AR's or PREA &  report Lang to OIG office. McRorie V

Shimoda 795 F. 2d 789 (regarding policy & custom may be inferred…).

(7.) Plaintiff wants to know what constitutes being "too familiar" with offenders?

(8.) Lang knew he would be convicted of sexual abuse; and he took the easy way out- suicide.

(9.) Plaintiff alleges if Cerbo had followed procedures &  Lang's sexual activities had been

investigated, he would have been terminated thus plaintiff would not have been sexually

assaulted/raped because he would not have had access to her due to his employment position.

(10.)  Plaintiff alleges Stancil &  Doe(s) ➡ failed to implement policy &  procedures to properly train

investigators in protecting victims of staff sexual abuse, protecting their property from staff retaliation

even when Plaintiff reported staff retaliation nothing was done.

(11.) Plaintiff repeatedly called the PREA hotline &  if OIG Director and/or DWCF investigators had

followed policy, not ignored and/or failed to respond to her PREA calls in a timely manner  staff

retaliation would have been stopped). Plaintiff alleges OIG investigators do not investigate allegations

or speak to witness in a timely manner, thus evidence is lost & memory fades.

5

(12.) Plaintiff was not the only DWF offender who Lang violated, Offender Jane Doe a DWCF kitchen worker had sex on October 17, 2021 with Lang who gave her fentanyl;  she is afraid of the retaliation but will testify at my trial along with other offenders Lang sexually abused. Doe had no choice but to cooperate as Lang was boss & could make her life a living hell if she did not comply.

(13.) Plaintiff alleges the Aided-in-Agency theory applies because Sgt. Lang would not have had access to her except he was employed at DWCF; see Spurlock v Townes 661 Fed. Appx 536, 10th Cir Appeals Sept. 2016 under an "Aided-in-Agency theory… vicarious liability, an employer may be held liable for the intentional torts of an employee—even if the employee was acting outside the scope of his or her employment—if the employee 'was aided in accomplishing the tort by the existence of the agency relation (quoting Oceana v Am. Furniture 135 N. M. 539, 91 P 3d 58." See Plaintiff's original Petition entered on 10/27/23 for more details. *Exhibit A*.

( 14.) Plaintiff alleges Stancil &  Doe(s) #1 at headquarters failed to implement policy &  procedures for protecting body integrity when they had notice that Plaintiff was not safe from staff retaliation (**Exhibit B**  # *55, 56, 57*) &  failed to provide for medical  & mental health injures & disabilities caused when staff physically injured/ assaulted/ raped Plaintiff at CWCF-**Exhibit C** Appellant Court ruling.  Including failure to provide outside mental health counseling as Plaintiff still suffers from nightmares, trust issues, stomach aches, & migraine/headaches, can't eat & digest food with soy, fatigue, stress causing high blood pressure and painful inflammation, losing sleep, anxiety & depression & finding no reason to live as can't communicate due to blindness & hand impairment.

(15.) Per Mental Health provider Plaintiff is to have access to compute for recording thought and feeling [3]. Plaintiff alleges she has thoughts of not wanting to live due to continued retaliation. Mental health therapeutic coping treatment plan (3/1/23) [4] states, "…Bead on loom something positive each week as relaxation/mindfulness practice…" when transferred out of state Plaintiff request being

6

allowed beading, braille equipment and all property listed on Offender property list. of 12/23/23

(16.) Stancil & Doe(s) who determine transgender placement has discriminated against Plaintiff as a

FTM transgender with Gender Dysphoria (Plaintiff is not gay but thinks like a male). Raven et al MTF

defendants were sent a letter dated 3/7/23 to MTF offenders Sack and Downey stating "…recently

updated to clarify eligibility requirements…living for 12 months as living within a gender affirming

facility…" [5].

(17.) Plaintiff alleges was housed at DRDC from 3/22/22 to 3/22/23per documents [6]; thus meets the

criteria for placement for Gender Dysphoria to a male facility

(18.) Plaintiff contacted Warden Long about day after rape & asked if there was an investigation

regarding Sgt. Lang; Long stated he thought so & asked if he would contact investigator & have him

contact her. There is no way to call PREA hotline without offenders hearing everything.

(19.) Defendants can't say they did not have knowledge of staff having sexual relations with offenders

as AR 150-01 #21 states, <u>"An offender will not be charged with Sexual Misconduct or Sexual</u>

<u>Harassment if the employee, contractor worker or volunteer consented to the sexual or romantic</u>

<u>activity.</u> (115.78(e)) [7]. This shows **official policy, knowledge & consent for staff sexual activities**.

(20.) Plaintiff alleges there are patterns of staff sexual abuse at DWCF, look at court filing.

(21.) Stencil & Doe(s) #1 failed to implement policy & procedures to have an adequate security system

that did not record over tapes; this failure prevented Plaintiff from showing Sgt. Lang took Plaintiff

into the bathroom & slumped over due to being drugged as he wheel her back to unit.

(22.) Defendant's failure to keep tapes hindered legal action, safety & means to show evidence of

abuses. Florida where Plaintiff was sent for filing LVCF rape keeps security tapes forever.

(23.) All data/information above and below and exhibits are included in this Claim.

(24.) **Relief:** Asking 8.25 milling due to sexual assault by staff as this is the 3rd time CDOC staff has

raped Plaintiff. I will let the court decide on the involvement and how each defendant failed to protect

& fulfill their duty in violating 8th & 14th Amendment under Cruel & Unusual punishment, etc. I am

elderly (born 6/11/44), blind & can't begin to know all the laws this case involves as has White Matter

Disease of the brain.  Only after discovery will Doe(s) names & descriptions of job, ~~rights~~ violated

rights will be known & their failure to protect, etc. Trial will determine additional monetary value.

 **(B. )  Claim 2** Retaliation for reporting staff sexual abuse & violating 8th & 14 Amend., Title II of the

Americans with Disability Act(42 USC 12131 & Section 504 of the Rehabilitation Act (29 USC 794

Defendants: Mestas, B. Donnelly, Lt T. Smith, Doe(s) #3, Gates-Fouse, N. P. Reilly, N. P. Victoroff,

HSA Price, and all PREA hot line calls are to be considered & their responses.

**Supporting facts**:

(25.) On 4-15-22 Plaintiff notified Captain Mestas & B. Donnelly that she has been sexually abused by

Sgt. Josh Lang on 10/31/21 & Mestas stormed out of the bubble. Then 3 days later Mestas retaliated

by shaking down Plaintiff's cell & confiscating all Plaintiff property under the guise of packing her out

for a medical procedure 3 days later (left hip replacement).

(26.)  Plaintiff alleges Major Gates-Fouse instructed Mestas to come in on her day off (Mestas was in

street clothes) to shake down/pack out Plaintiff's cell & take all her property on 4-18-22. ; Mestas was

aided by B. Donnelly and Major Gates joined them in Unit 3 to go through & removing some of

Plaintiff's property [(92)] See *Exhibit A* –Original Petition for more details.

(27.) Plaintiff alleges normally shakedown/pack out for surgery are conducted the night before or

when hospital calls & says they are keeping offender. Shake down/pack outs are done in offender's

unit bubble in front of all; however Mestas took Plaintiff property to Unit 3 where no one could see.

All of Plaintiff's property was listed on Plaintiff property inventory sheet thus pack out would be easy.

(28.)  Plaintiff was scheduled for left hip replacement on 4-20-22. No need to pack out early.

(29.) Mestas even took the antibiotics medication 'Mupirocin Bactroban' Plaintiff was required to for 5 days prior to surgery [91]. Mestas is not medical therefore had no right to confiscate medication thus endangering Plaintiff life as only had 2 days of medication. Plaintiff did not get her self- medication cards back till last week of May- nurses couldn't find, but appeared in medical after grievance filed.

(30.) Plaintiff called the PREA hotline & requested all tapes of Unit 2 D wing, yard, Unit 3 hallway & room Mestas took property. Plaintiff alleges Mestas took her legal log book, legal documents need for this suit, Trial court documents and Depositions in LVCF case; took personal property listed on property sheet, braille equipment, Jewish chain & star of David (22 carat), etc. ; Plaintiff alleges Mestas is a bully & a thief. No shake down slips left & no investigation for PREA hotline call.

(31.) Plaintiff filed grievances but Mestas lied & said all property was returned but property/ intake said property never made it there. This is typical retaliation for offenders reporting staff sexual abuse; LVCF property never returned despite Plaintiff only signing one property inventory [8].

(32.) Stancil & Doe(s) failed to implement policy and/or procedures for off ground surgery for property or to protect Plaintiff from staff retaliation by taking listed property, no punishment for staff retaliation.

(33.) Doe(s) continue to lie & give Plaintiff false write up's [11 & 12].

(34.) Mestas confiscated & refuse to return Plaintiff authorized/prescribed medical property listed on property sheet, green therapy bands she uses daily, Plaintiff had green bands for over 15 years [13].

(35.) Denver Health P. T. report [14A] stated recovery was hampered by denial of bands [14B]. Offenders checked out in gym for exercise. HSA Price allowed green bands, then changed mind [15].

(36.) Mestas broke Plaintiff's TV & Plaintiff filed grievance-defendants remedy was to gluing broken TV part [81]. Plaintiff requested new TV, History of destroying Plaintiff's TV [105] for reporting staff.

(37.) Why does Mestas get to take/destroy property when Plaintiff reports staff sexual misconduct?

(38.) Doe(s) alleged Plaintiff committed COPD act prior to Plaintiff allegedly committing said act [108].

(39.) Plaintiff request that all grievances for the last 5 years, all correspondence between Plaintiff & Janet Smith, Sanchez, medical and grievances be a part of this case.

(40.) Plaintiff was sent out of state for reporting LVCF staff sexual abuse, even though court agreed assaults happened. <u>Plaintiff loses about $5,000 in personal property with each out of state transfer as defendants do allow all property on property sheet and not even full Matrix</u> [82] sent to receiving state.

(41.) All data/information above and below and exhibits are included in this Claim.

(42.)  **Relief**: for  Violations 8th & 14th Amendments, retaliation  and  taking personal property listed on property sheet and taking green therapy bands since Plaintiff cannot lift left leg up high enough to cut toe nails, $100,000 to include pain and suffering. Pay for lost property.  Plaintiff re-order out.

**(C.)  Claim three:** Breach of contract for Computer, Clothing and etc.

(43.) Defendants: Stencil, Doe(s) Long, Little, Gates, Janet Smith, Sanchez, Jacobi, Mestas, ~~Roxie Jensen~~ .

**Supporting facts**:

(44.) Stancil & Doe(s) # 1& 2 failed to implement policy & procedures to allow blind to have personal computers in cell. Plaintiff should not type/write [19]; Needs JAWS (all programs for blindness).

(45.) Long required Plaintiff to sign a contract [15] stating she would be responsible for all damages before issuing Personal Samsung Computer but then breached contract when he refuse to allow Plaintiff to send out computer for repair when part cost less than $15.

(46.) Mestas & Doe(s) had Computer moved to non-secure location; offender's damaged computer; Plaintiff obeyed conditions of contract; Warden Long violated contract.

(47.) Little (per Long's orders) required Plaintiff to send out computer on 9/22/23 [21].

(48.) Doe(s) ~~#1&2~~ are famous for denying need medical treatment & Equipment -Denial of Hearing aids that don't cause bleeding [22] & orthopedic appointments. Need Court order for CDOC to pay for

/ 0

all recommended medical appointments & equipment & to Transferred facility or Plaintiff request.

(49.) Janet Smith stated "…purchase Typewriter from canteen or utilize the OCA provided to You…" [109]; Plaintiff can't read print so typewriter useless; Smith doesn't get to dictate Mental Health Treatment plan- not mental health or medical provider.

(50.) Mental Health Dr. Miller (not a defendant) stated, "…If does not have computer does Not have a Reason to get up in AM…" Plaintiff alleges no way to communicate-hand Impairment, can't Write [16 & 17] "… in significant pain &…loss of Computer seriously compromises …Mental Health".

(51.) Long required Plaintiff to sign contract for non-polyester clothing dated 9/13/22 [24]. Little, Gates-Fouse & Price refuse to provide all clothing listed in contract (total items in contract to be replaced are 19 but replaced only 20 items. Refuse to provide Playtex Support- Bra's size 36 DDD with wide padded straps as plaintiff has very large breast [25 A, B, C] failure causes back pain. Little said get an attorney [73]. Price denied long underwear claiming not sold on canteen [26]. Fowler promised clothing would be replaces with same brands, defendants refused. Plaintiff's family is willing to purchase all items except uniforms. Coat provided doesn't meet Colorado winter [93] & has polyester.

(52.) Janet Smith & Reilly approved front Velcro shirts [27 & 28]; will transferring facility provide this Medical/ADA Accommodation?) Need court order for Plaintiff to have all non-polyester clothing & items paid for by CDOC now & when transferred- polyester sensitivity-not allergic.

(53.) Stancil & Doe(s) failed to provide policy & procedures to accommodate for non-polyester clothing for sensitivity -documented medical records-inhibits breathing, rash & causes inflammation.

(54.) Plaintiff has hammer toes & requires special deep dish shoes [29&30] DH report; Price refuses to accommodate Plaintiff's foot problems –shoe cost [31]. Diabetic shoes cause bleeding –toes rub.

(55.) Plaintiff's modified/ adaptive shirt taken illegally, medical & ADA record allowed [39 & 40]

(56.) All data/information above & below & exhibits are included in this Claim. Plaintiff reserves the

right to move this claim to an individual claim with date of filing 10/27/23 being date filed.

(57.)   Jacobi stated Plaintiff's family had to send in reams of computer paper before issued a printer as allowed under computer contract [104]. Plaintiff was denied printer. Jacobi tried to hire offender Malloy to harm Plaintiff, Malloy reported incident to Lt. Bland (not a defendant) & Bland reported it to Long. Nothing was done to Jacobi except to tell him not to try to hire offender to hurt Plaintiff. Retaliation

(58.)   **Relief**: for Violations of contracts- $100,000; Replace Samsung Computer with all blind programs (Jaws, Word, Speech to Text, etc.) & plaintiff purchase all non-polyester clothing/items yearly with CDOC reimbursing within 10 days.  All property listed on property as of 11/27/23 be permanent & transferred. Foot pain & suffering $100,000;CDOC pays $200 per day damages-NC.

(59.) Dr. Brown had mental health staff slide this **Exhibit L** under Plaintiff's door. It has no date, or signature and only Plaintiff was denied access to computer in gym. Plaintiff could not file grievance because did not know who sent this notice, it took her 6 months to track it down.

**(D.) Claim 4** Failure to obey Mackes Class Action and Retaliation

(60.) Defendants: Stencil, Doe(s) ~~#1,2,7,9~~, Long, Janet Smith & Sanchez, Fowler, Burrows

**Supporting facts**:

(61.) Long told Plaintiff defendants were dragging their feet in complying with Mackes (**Exhibit J**) because they did not want to provide Plaintiff with computer.  Sanchez's 12**/19/17 letter** [32] notifying would receive vision test; not tested till  **6/27/23** Eye Report **Exhibit H**  -20/200  qualifies for Macke's computer. Evaluated by iSight 9/14/23 [67]; today is 1 2 / 2 6/23 & still no computer, scanner or printer. Per Fowler 10/5/23 –"…outcome has yet to be determined [94].

(62.) Defendant's ability to circumvent Mackes by sending out of state should be illegal. Sanchez does not get to pick & choose what Plaintiff gets ~~as~~ because she is not a named party. Denying Plaintiff computer, printer & scanner prohibits Plaintiff from taking part in Services, activities & programs &

correspondence courses.

(63.) Janet Smith's letter dated August 31, 2023 [34] "All vision accommodations will be addressed following your assessment." DOC only obligated to give party members accommodations (64.)

(65.) Mackes did not provide for Service Dog or require defendants to give computers, printers or scanners to **all blind offenders**, left it up to defendants to what they want to provide. Discrimination.

(66.) Medical report "Pt should not type or write except for signing" dated 3/01/08 [33]

(67.) Janet Smith ordered Speech to Text dated 1/17/21[68] **but only in Law Library**; DWCF Dr. Ordered Speech to Text [35] *dated* _____

(68.) Plaintiff taught Braille for years but Captain Davis denied her teaching Braille class, after Reporting sexual abuse. Braille can be taught by blind person. Denied being member of Voices.

(69.) Doe(s) 1 & 2 denied Plaintiff taking the Federal Braille Transcription Course; not allowed Computer access & denied purchasing Braille envelopes [36] necessary for Braille course.

(70.) Sanchez denied [38] Plaintiff taking part in free mail Federal Program for Blind [95]; used in FDOC.

(71.) Janet Smith refused to respond to **Exhibit G** Notification –Dispute Resolution- sent to attorney.

(72.) Burrows ruled law library not an excused absence; Brackney threatened Plaintiff if goes to Law library [72] even with court deadlines, would receive 3 negative Chron's thus removal from Incentive Housing. Plaintiff forced to sign "Voluntary Withdrawal" [97 & 41 & 42]. Brackney is falsifying Cosmo hours [98] & refused to accommodate disabilities [107]. Retaliation & denied other programs

(73.) Plaintiff must choose between getting justice from being raped by staff or an education. This creates chilling effect on Plaintiff's court access [41].

(74.) Legal AR 750-01 states offenders not punished for attending Law library [113].

(75.) All data/information above & below & exhibits are included in this Claim. Plaintiff reserves the right to move this claim to an individual claim with date of filing 10/27/23 being date filed.

(76.) **Relief**: For breach of computer contract - CDOC will replaces personal Samsung computer with JAWS, Speech to Text & screen reading & Word Program, Requested AR's, forms, etc. allowed under Mackes, and will allowed personal donated computer, scanner & printer kept in cell; Defendant will pay fine of $150,000; for failure to accommodate disabilities in Title II in Cosmo Program and allowing Plaintiff to audit/sit in class with full benefits of students, defendants will pay $25,000-cost of program on outside. $100,000 for pain and suffering & not being able to file legible grievances, or communicate with family, friends, etc. Plaintiff is at risk for suicide as unable to cope because ~~cannot~~ has no means to communicate. If Defendants send Plaintiff out of state, then Plaintiff will select 3 out of state facilities & CDOC pay fines till sent to 1st named facility (fine reduced at each facility). Plaintiff did nothing wrong, she did not ask to be raped by staff so should not suffer financially or lose property listed on property sheet & medical accommodations. Plaintiff will provide dog to train as Service Dog with CDOC reimbursing for dog food, etc.; & CDOC will pay medical needs-not allowed to kill dog unless Plaintiff agrees.

**(E.) Claim 5** Violation 1st amendment Rights to practice sincerely held religious beliefs; Passover 2023 & 2022 & Special Diet violations, Retaliation, Anti-Semitism & Religious Discrimination.

( 77.) Defendants Stencil, Doe(s) 1 & 2, Crocket, Delarosa, John Smith, Cerbo, Fowler, Long, Mestas, Womack, Jason Smith, Reilly, Price & Perkins & Doe(s). Lt. Ross & Shankar not defendants.

**Supporting facts**:

(78.) **Exhibit D** Dropped Passover Law suit 2016 & **Exhibit E**- Sent to Stencil & Jason Smith –for defendants violated Passover 2023 & 2023 & **Exhibit F**-Special Diet

(79.) Denial of Special diet (**Exhibit F**) causes Plaintiff to suffering physical pain by being forced to eat general population soy diet since almost all but fruit & frozen vegetable contain soy or soy products. Reilly, Price, Perkins & Doe(s) had knowledge of severe reaction to eating soy [46]. Price

retaliated by removing Plaintiff's diet & ice when she learned was a Defendant [103].

(80.) Defendants (Doe(s)1 & 2 & Dr. Maul had knowledge of Plaintiff soy intolerance (**Exhibit E, F & I -Notices)** & vast medical records, Plaintiff's letters & Dr. Shankar's notices of Plaintiff's mental health & physical issues involving lack of computer access & diet, & Price's retaliation [77].

(81.) Mestas confiscated Plaintiff's Solwave microwave (on property sheet) [48] provided by Lt. Ross per Long for dropping Passover 2016 law suit. **Exhibit D**. Total retaliation.

(82.) Doe(s) 1 at HQ & Doe(s) 2- DWCF emails needed to name all Doe(s) involved in trying to keep Plaintiff from Passover & denied required Passover guidelines, etc.

(83.) Long's letter [52] denying Plaintiff any hot foods. Only Plaintiff was denied Passover hot foods.

(84.) Defendants & Doe(s) #2 -DWCF staff did not provide 16 ounces of grape juice for Seder Plate as required by Passover Guide book; or provide 24 hour pork free microwave or obey  Passover Guide. See **Exhibit E & F** for Notice sent to Jason Smith, etc. regarding Passover violations & Special Diet.

(85.) Cerbo, Womack & DWCF Doe(s) staff part of 2022 violations who prepared uncooked eggs & continued serving uncooked eggs [53 & 54] after notification thus endangering life & medical issues.

(86.) Price & Reilly required **only Plaintiff to do blood work** for Special Diet, Blood work doesn't show soy intolerance; on Special diet for years. Plaintiff is soy intolerant- soy causes diarrhea, rash, stomach cramps, etc. Had knowledge removing from Special Diet would cause severe reactions to consuming soy [55]; "Objective –based on observable phenomena presented factually by objective appraisal"-Plaintiff ate in clinic, nurses documented diarrhea - prior to Special diet issue. Discrim-

(87.) Cullford & Price continue to deny ice for ongoing swelling of hand, L. knee, right hip, and back/spine despite Specialist/Physicians ordering ice & protective covering. [84 & 85 & 86]. Price required Plaintiff sit in medical for ice despite former HSA providing ice bag so Plaintiff not exposed to offender that are sick [101] . When Plaintiff sits in medical- gets sick due to not separating new arrivals

[85 & 86]; Exposing Plaintiff unnecessarily [8.] Plaintiff is diabetic & immune compromised. & elderly

(88.) Jason Smith denied required's Jewish items for practicing Judaism [96 & 88 & 99.] See **Exhibit I-** items needed to practice Judaism. **Not allowed to grieve this-only allowed 1 per month.**

(89.) Perkins & Doe(s) dietitians cancelled Plaintiff "Special Diet" without justification which caused severe pain. [102]. Perkins had **Exhibit F & K** deliberately causing pain & suffering with GP diet,

(90.) All data/information above and below and exhibits are included in this Claim. Plaintiff reserves the right to move this claim to an individual claim with date of filing 10/27/23 being date filed.

(91.) **Relief:** Restore No soy, beans & cabbage diet & damages of $100 per day for every day Plaintiff was not on Special diet thus causing physical pain.   For 1st Amendment Passover Violations CDOC is to donate $ 200,000 to Jewish Charities Plaintiff selects & court decides other damages regarding Defendants not following Passover Guide & $50, 000 for  denying Plaintiff hot Passover meals. Mestas violations & retaliation- demoted rank & can't apply for higher rank for  2 years & transferred from Denver Complex.  For denying ice all DWCF units provided ice machine-no one should suffer swelling & **pain when ice can relieve.** [106].

**( F.) Claim 5** Deliberate Indifference to serious medical needs, Violation of 8th Amendment, cruel & unusual punishment, failure to follow Specialist orders/recommendations, to implement policy & procedures to accommodate Plaintiff needs for injuries/disabilities caused by CDOC staff beatings & rapes,  retaliation, denied outside counseling:

( 92.) Defendants: Stancil and Doe(s) 1 ~~& 2~~, HSA Price, N. P. Reilly, N. P. Victoroff, DWCF nursing staff, Long and Doe(s) of mental health, Janet Smith & Sanchez

**Supporting facts**:

(93.) Stancil & Doe(s) ~~1 & 2~~ failed to implement policy and/or procedures for accommodating Plaintiff's medical disabilities/impairments caused or exacerbated by CWCF beating by staff & mental

health needs; Janet Smith denied cell accommodations, equipment & aids needed to function safely,

independently; failure to obeying Medical Specialist when there is no CDOC physician capable of

diagnosing, treat/and overriding Specialist treatment/medication, etc. Continued Retaliation.

(94.) See above claims regarding Reilly, HSA Price, Victoroff, Cullford and **Exhibit A**

(95.) Reilly, Price & Dr. Maul- deliberate indifference to ongoing pain in R. Hip, Shoulders, both

hands- swelling & Back/spine & Neck pain. DWCF medical constantly out of Lidocaine patches.

Specialist recommended ice (even CI workers, laundry, kitchen, & etc. works get ice). Cruel &

unusual punishment,

(96.) Plaintiff is sensitive to most pain medications (causes stomach upset, dizziness & exacerbates

falling risks), cannot use medication for pain relief; must rely on ice & topical creams for pain relief.

(97.) Cullford stated no official policy on ice [58] but she, Reilly & Price deny Plaintiff ice ;

recommended & issued ice for years [59]; Price discontinued approved medical items [74] by former

HSA's; Pain inhibits Plaintiff from taking part in services, programs and activities [67].

(98.) Price D/C many of Plaintiff's long standing restrictions, appliances, even mask for COVID when

there are offenders in unit with COVID unnecessarily endanger Plaintiff's life [65]. Unit 2 no mask.

(99.) Plaintiff not sent to Cardiologist despite ultra sound showed blocked artery to heart in 2008 [60&

82] Even with severe chest pain not allowed to declare medical emergency-told to go to bed and relax.

(100.) Denied seeing Periodontitis despite years of documented Gingivitis [61, 62 & 63] dental issues,

bleeding gums, inability to drink . Untreated Gingivitis can exacerbate heart problems, etc. [64].

(101.) Plaintiff is diabetic –controlled by diet & medications [66], diabetes is not under control.

(102.) Cullford lied on grievances [9 & 58]; & denied former approved needed medical appliances [83].

(103.) Housing Lt. T. Smith, Lt. A. Donnelly & Doe(s) notified Mestas, Mestas refuse to remove

Jenkins from Plaintiff's cell after Jenkins pushed her down [49] causing right shoulder torn rotator cuff

injury that now needs surgery; Plaintiff can't lay on right side, unnecessary permanent injury.

(104.) Doe(s) moved an offender into Plaintiff's cell for 1 day that had a sick cell mate in her cell.

Within one week (11/11/22) Plaintiff was sick & informed medical if she had COVID she needed to

be housed in cell with <u>raised toilet</u> as cannot bend (COVID test not available). On 11/14/22 Plaintiff

put in Unit 6, quarantine not given any medication, even cough drops & put in cell with **no** raised toilet

& toilet that could only be flushed twice per hour. Plaintiff had diarrhea & vomiting & fell off toilet;

when reported to staff, was told, "You're not bleeding so no big deal". Offenders C. Sears [10] &

Gardner not placed in this type of cell.  (Jenkins, Sears or Gardner not defendants.)

(105. ) Plaintiff gave N. P. Victoroff copy of original X-ray report; Victoroff wrote report stating, "…

which likely means you have <u>latent TB-not active TB</u>… that it could be triggered by an acute illness or

stress to become active TB [17]". This X-ray record seems to have disappeared from Plaintiff's record.

(106.) Plaintiff alleges Doe(s) intentionally removal/destroyed x-ray & other crucial medical records.

(107.) Plaintiff alleges should be singled celled, is **blind** & under Mackes single cell allowed.

(108) Plaintiff has White Matter Disease of the brain. Mestas deny single cell- many single celled.

(109.) Plaintiff requested Long assign Unit 2 D wing for elderly disabled offenders (over 75) & blind;

sight impaired offenders need protection from bullying, stealing property & abuse but he said Doe(s)

at HQ said no. Would cost CDOC nothing -outside organizations would provide these offenders with:

appliances, foods to accommodate age, equipment, clothing, etc.; single celled if requested.

(110.) DWCF drug testing policy allows drug users not to be caught [75], an offender is going to die.

(111.) DWCF staff does not follow AR 850-04 regarding grievances Procedurally Denied.

(112.) Plaintiff presented Reilly with Stryker Class Action in 2016; Reilly refused to x-ray till 2018

(showed loose prostheses 2 cm) [51]; thus denied replacing &  repairing defective prostheses & being

in Stryker Class Action where Plaintiff would have received about $500,000 per attorney. Denver

*1 8*

Health surgeon states Plaintiff will not survive R. hip replacement surgery. See **Exhibit A** for details.

(113.) Mental Health Doe(s) refuse to allow psychiatrist appointment for over 7 months; Plaintiff needs assistance in: dealing with staff sexual abuse -raped every 12 to 14 years, being blind, staff retaliation & harassment & not allowed a computer as part of therapeutic plan. Plaintiff needs help because cannot find reason to live & has repeatedly told mental health staff this but gets no help. Plaintiff is elderly, blind, wheel chair confined, hearing impaired and in constant pain from right hip, back/spine, neck, right hand, left knee swelling & fears losing mind & ability to think & remember daily activities, denied free internet programs for the elderly to reduce dementia risks, even violates own Mental health AR's.

(114.) Told cheaper for Plaintiff to die, then no law suit , Plaintiff states her death will expose CDOC.

(115.) Reilly, Price & Doe(s) denied fee Periodontics visit for gingivitis eating & digestion; dermatologist for continuing rash; orthopedic for back/spine & hand impairment; Rheumatologist for continuing ongoing pain; and Gerontologist for age related problems including diet.

(116.) Stencil & Doe(s) for failing to implement policy for Plaintiff to have free periodontal care which inhibits ability to eat, chew, digest foods (had colon cancer) & could be life threatening.

(117.) All data/information above and below and exhibits are included in this Claim.

(118.) **Relief**, Violation of 8th & 14 Amendment, Plaintiff request $500,000 for ongoing hip pain due to Reilly's failure to allow a simple X-ray-deliberate indifference & there is no policy that punishes providers for being deliberate indifference to pain and suffering. For denial of mental health care/outside consultants denial which could result in suicide $20 million. For denying periodontal care from outside specialist $100,000. This Court will have to decide all other defendant's culpability in denying Constitutional rights to have serious medical needs met, cruel and unusual pain & retaliation. See Murphy v Lane 833 F2d 106 (allege of chronology of events from which retaliation may be

inferred direct evidence of intent that can be pleaded in a complaint, *cf. Buise v Hudkins,* 584 F.2d 223 (7th Cir. 1978), and $100,000. For deliberate indifference to constant pain & suffering by denying ice when even dogs get ice here.

(119.) **Claim 7** Denial of Access to the Courts:

(120.) Defendants: Stancil & Doe(s) ~~#8880280~~ DWCF Doe(s) will not know until Discovery

**Supporting facts**:

(121.) Plaintiff alleges legal mail did not reach the courts. Plaintiff has a right to have her mail secure.

(122.) Officer Graham remembers Plaintiff sending out 2 -1983 legal mailings to the US District Court regarding staff sexual abuse & Passover Violations/Special Diet yet DWCF  Mail room claims they never received these legal documents-nor did the Court. Graham not a defendant.

(123.) Plaintiff has filed grievances on mail <u>not being secure</u> as it is kept in an open box next to the unit 2 door where offenders have access [79]. Offender Clerk (clerk removed kites & assist sorting mail. )

(124.) Plaintiff request permission to have her case manager Ms. Shelton email future legal filings to this court ;Plaintiff's legal documents seem to get misplaced/disappear & never reach court.

(125.) Graham documented Plaintiff's legal mail from this court on <u>11/21</u> [23] was opened. [57]. Plaintiff only received page 2 of 3 & not page 1 or 3 from Judge's court mailing.

(126.) Plaintiff request due to blindness, the court sends all correspondence/ responses in size 22 print or send to Ms. Shelton to scan, print legal documents to Plaintiff computer as Mackes allows.

(127.)  Plaintiff is  depended on friends to tell her what Judge SBP said & tried to understand rules & obey-not very clear on what to do, so did best could under circumstances.

(128.)   Janet Smith provided Orcam reader; can't use due to vision not clear & can't use magnifying aid because left hand swelling & painful due to compensating for right hand impairment/deformity.

(129.) Sanchez denied Plaintiff taking part in the Federal Government-free mail for blind [80].

(130.) Per law library policy once a document printed it is deleted; Plaintiff had to re-type Motion for Amending & couldn't read print-some claims left out; Law library access limited due to staff shortage.

(131.) Plaintiff will suffer irreparable harm if attorney not appoint and a TRO/Injunction given.

(132.) All data/information above and below and exhibits are included in this Claim.

(133.) DWCF law librarian Ms. Puga denied printing "Jill Coit's Motion to Judge Michael E. Hegarty Requesting He Issue an Order to Compel Defendants to Follow Mackes under #17 Dispute Resolution" [78], stating "you are not a defendant to this Case. Therefore your motion will not be printed. You may handwrite any motion and file any Motion at your discretion [111]" **Exhibit M**. Plaintiff allege qualifies for Mackes accommodations. Alleges retaliation for reporting staff rape.

(134.) Plaintiff alleges denied law library JAWS computer access, librarian states not a Mackes member. (135) **Relief** for violation of hindering & chilling access to court 8th Amend. & not securing mail -$100,000 donated to Jewish charities, secure all mail & allow plaintiff access to mail room for legal mail. Plaintiff is allowed to take part in free mail Federal Government Program. Plaintiff has a hand impairment and cannot hand write pleadings that are legible [100]. Law library will print all documents that are within page limit, not get to decide what is submitted to the court that is court decision. Plaintiff request that her case manager Ms. Shelton email all court filings and Ms. Shelton not be removed as her case manager. That the court provide printed responses in size 22 print or send it to Ms. Shelton for it to be placed on Plaintiff's personal computer as Mackes allows legal mail.

(136.) **Claim 8** –Formerly claim 4 in **Exhibit A** Original  & case # 1:12-cv-00609-WYD-MJW

(137.) Defendants: Michael Dussart, Jane and/or John Doe(s) ~~1,2,&3~~ as listed on (**Exhibit LV 1**) which this Court ruled "without Prejudice". Carson not a defendant

(138.) Plaintiff alleges OIG Collin Carson's deposition of 2/20/13 (**Exhibit LV 2**) refuted courts assumption that investigator Houghnon did not know of plaintiff being sexually assaulted. See Exhibit

A- Original Pleading for more details and attached exhibits.

(139.) Per Hougnon's deposition rapist was 6 feet, white and had been former police officer. There were only 6 male white staff members, only 3 were 6 feet tall and 2 in military & only one had been a former police officer, Michael Dussart (**Exhibit LV 3**). Any competent investigator should have been able to identify rapist; Houghnon did not tape record the over 12 meetings (**Exhibit LV 4**) he had with Plaintiff as is standard procedure in sexual abuse allegations.

(140.) Plaintiff was repeatedly raped/sexually assaulted by LVCF staff member Michel Dussart about 20 times. See (**Exhibit LV 5**).

(141.) Plaintiff attempted to send out Dussart's sperm to this court and Carson took it & placed it in a locked secure box (**Exhibit LV 6**), but it conveniently disappeared when Court quested it to be tested. No explanation by CDOC on how or why locket secured evidence disappeared.

(142.) Court did not consider the fact Plaintiff wrote Executive Director Zavaras a letter on 1-19-10 – (**Exhibit LV 7**) over 5 months prior to filing law suit stating, "I have sperm from my LVCF rape. I am not safe telling, he will hurt me, kill my loved ones. I am not strong enough to fight CDOC in court."

(143.) Plaintiff does not have the information needed to state what Jane and/or John Doe(s) 1, 2 and 3 did because Captain Mestas took Plaintiff law files regarding this case. Plaintiff request this court file.

(144.) Plaintiff was removed from DWCF due to defendants fear staff would retaliate. (**Exhibit LV 8**)

(145.) Plaintiff sent letter to the court requested no money just for the sexual abuse to stop but received this notice from the court stating could not help. (**Exhibit LV 9**)

(146.) CDOC legal access AR is outdated & hindered Plaintiff from getting justice as refuses to allow CD's/flash drives for attorneys to communicate in La Vista rape case had chilling effect. [89 & 90]

(147.) Plaintiff did not know if LVCF rape was allowed to be included in this legal action but since it is staff sexual abuse though it should be include as when Plaintiff goes to trial it will be brought up.

22

(148. ) Plaintiff tried to settle this case and all above Claims but was told it is cheaper for CDOC to go

to trial then to settle as it does not cost them money only increased insurance rates. Plaintiff fears

defendants will push her to suicide by the retaliation and denial of means to communicate.

(149.)  See **Ex LV 10** do defendants claim their HQ staff have psychic abilities because HQ staff

stated at least 10 days prior to Plaintiff receiving phony write up in Kansas -what she would be

accused of. Talk about evidence of phony write up & for something CDOC does not even have a

COPD conviction. Undue Influence [112 & 113] yet given CDOC write up.

(150.) Offenders are sexually assaulted by not just male staff but by female homosexual staff. CDOC

takes a blind eye & covers up offenders reporting sexual abuse & these offenders are retaliated against.

(151. ) **Relief**: Wants copy of all court filings in 12-cv-00609-WYD-MJW and 1 Million for sexual

abuse by Dussart and CDOC's failure to protect, investigate, property stolen, staff lying, falsifying

records  giving false write ,& pain and suffering, denied mental health treatment for repeatedly being

raped. Wants locked box to protect evidence of sexual abuse and for only the warden to have access

and for there to be a device that shows when box opened and by whom. Wants 20 million if she

commits suicide as she cannot get mental health counseling or the retaliation to stop. CDOC always

claim rape allegations are "UNFOUNDED" despite Plaintiff having sperm from CDOC rapist. The

Court thankfully sees through this farce.

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were
incarcerated?   _X_ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form.  If you have filed more than one previous
lawsuit, use additional paper to provide the requested information for each previous lawsuit.  Please
indicate that additional paper is attached and label the additional pages regarding previous  lawsuits
as "E. PREVIOUS LAWSUITS."*

**Name(s) of defendant(s):** Colorado Department of Corrections (CDOC) & Employees

**Docket number and court**: Don't have 1996/7 CWCF law suit on rape & physical beatings by

2 8

Sgt. Joseph Smith as Mestas took it on 4/18/21. Court of Appeals #05-1045 Judge McKay

April 7, 2006 ruling. & #12-cv-00609 WYD-MJW

**Claims raised:** Rape by CDOC staff, deliberate indifference-medical, retaliation, etc.

**Disposition:** (is the case still pending? No except Michael Dussart & 1,2,3 Doe(s)-without Prejudice

**Has it been dismissed**? Was relief granted? Basically nothing- Except Appeals court ruling Exhibit 2

**Reasons for dismissal, if dismissed:** Closed

**Result on appeal, if appealed**: NA

## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997 e (a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

      __x__ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

      __x__ Yes ___ No (*check one*)   `Per Warden only allowed one per month`

## G.    REQUEST FOR RELIEF
*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

(152.) Plaintiff is requesting $8.25 million for 3rd staff raping as well as Punitive Damages (see

Peatinna Briggs) and see <u>Relief for each claim</u> listed above. Plaintiff is blind and had other offenders

assisting in preparing this Amended Complaint and could not independently read Judge ____ruling as

some pages were missing from Judge's mailing. Plaintiff request being allowed a donated personal

computer, scanner, printer with programs for the blind & games in her cell; and any equipment/aid

that would enable plaintiff to communicate, function independently & be productive, etc. This

computer would have Word, and any item allowed under Mackes ruling including but not limited to

24

access to programs that would help reduce dementia, health aids/equipment, hobby crafts, medical

information/ documentation. DOC would provide a program that records key strokes so not a security

risk as Plaintiff will be able to access the internet for free information & classes. Defendants violated

the Mackes thus hindering Plaintiff's ability to type this Complaint as Plaintiff was denied a

computer, scanner & printer. For Sanchez & Doe(s) that ruled Plaintiff denied computer & all other

accommodations listed under Mackes as Plaintiff is BLIND 20/200 should be fined $250 per day

(donated to Jewish Charity Plaintiff selects) for each day after July 1, 2023of Denver Health notice

of being blind.  Need exception for law library stating all Plaintiff's documents will be kept for

Plaintiff to amend & all copies free for hindering court access. See # ___ refused to print Plaintiff's

motion under Mackes to Compel defendants to obey Mackes. For denying Plaintiff Mental Health

counseling's & Psychiatrist appointment & outside counseling as PREA Administrative Regulation

& deny computer for therapeutic writing-Plaintiff alleges defendants are trying to push her to ending

her own life as she has no reason to live if she cannot write and communicate fined 20 Million if

plaintiff dies or is not able to function independently . Plaintiff is constantly being

attack/retaliated/harassed for being Jewish, filing grievances and trying to hold defendants

accountable & reporting rape by staff. Plaintiff is denied even the simplest of means to control pain

and swelling (ice) even the dogs get ice.  Janet Smith denies even the simplest equipment/aid/

assistive tools that cost very little that would allow Plaintiff to function independently, feel safe; and

secure her personal property and low cost cell accommodations.-Plaintiff will be allowed these things

free.  Plaintiff must fight to keep medical restrictions, aids, appliances she has had for years because

Price even told Mental Health provider that she will not assist Plaintiff in any way. Plaintiff will be

allowed to purchase a service dog/puppy that she will train, with DOC paying for medical care, crate

and re-reimbursing Plaintiff for cost of dog food. Plaintiff will be allowed to order dog items.

25

Plaintiff will be allowed to be transferred to facility that corresponds with gender dysphoria identity if requested with all personal property transferred. In the event DOC decides to transfer out of state Plaintiff will select 3 out of state facilities with DOC paying fine until sent to 1st name facility then fine will be reduced. Plaintiff offered to settle Passover, clothing & computer claims that would have cost CDOC under $10,000 but was ignored. CDOC will pay for all non-polyester clothing and items listed on Plaintiff Property list as of the date of original filing with Plaintiff selecting the items from outside companies. Plaintiff will be allowed to light Sabbath candles in cell and order food from outside sources in the amount allowed monthly from canteen; and allowed to purchase any food CDOC purchase for offender meals at cost. Plaintiff will select unit, cell and be singled celled at every place housed. CDOC will pay DRDC rate for housing -if cost is less, then money will be used to accommodate Plaintiff's disability needs, if cost for housing is more than CDOC will pay the rate charged by DRDC with rate increased (never to be lower than 2023 rate) till Plaintiff dies. Plaintiff will be allowed law library access if any computer is not being used without an appointment and will get all copies free even case cites. DOC will obey all specialist recommendations immediately and send Plaintiff to specialist she request within 30 days of written notice. CDOC will place an ice machine wherever Plaintiff is housed and will implement all housing (cell) request for accommodations free. If DOC files CDOP charges, Plaintiff will be allowed attorney (paid for by DOC) to represent her and choose a mediator. Binding till Plaintiff's death. Each claim relief requested will be granted if Plaintiff does not take to trial and attorney advises settlement.

Plaintiff request the firm of Jane Fisher –Byrialsen be her counsel, suffer retaliation if counsel is not appointed and will not be able to adequately pursue this claim as it should be presented for trial.

26

*B. DEFENDANT(S) INFORMATION."* **Extra sheet of Defendants, position, violations** (P 27 + 28)

Mailing address for all defendants is 1250 Academy Park Loop, Colorado Springs, Co. 80910
At the time the claim(s) in this complaint arose, were these defendant acting under color of state or federal law? ___X___ Yes _____ No (*check one*).  This applies to all listed defendants.

All Defendants violated 1st Amendment and/or 8th and/or 14 Amendments. The court will have

To decide; I am blind, elderly & not capable of making this determination.

*Briefly explain*:

Captain Cerbo-Violated 1st Amendment-Was Captain of DWCF kitchen in 2022

Lt. Ray- Violated 1st Amendment -Employee of DWCF kitchen

Captain K. Mestas Violated 1st & 8th Amendment -DWCF unit 2 & 3 Housing Captain

Lt. A. Donnelly- Violated 8th Amendment was Unit 2 Housing Captain (LT)

Captain B. Donnelly- Violated 8th Amendment was Unit 2 Housing Captain (LT)

Major Gates-Fouse –Associate Warden & Security Violated 8th Amendment

Dr. Maul-Chief Medical Doctor- Violated 8th Amendment

N. P. Reilly-DWCF Medical Provider- Violated 8th Amendment

N. P. Victoroff- DWCF Medical Provider- Violated 8th Amendment

HSA Price- DWCF HSA Provider- Violated 8th Amendment

Major Gary Little-Security- Violated 8th Amendment

Janet Smith-AIC Coordinator- Violated 8th Amendment

Ms. A. Jacobson-Sanchez-Director of Legal- Violated 8th Amendment

John Smith-DWCF Captain for 2023 Passover

Lt. Womack-DWCF Lt kitchen for 2022 Passover

Lt. T. Smith -DWCF Unit 2 Housing- Violated 8th Amendment

LT. T. Bolton –Unit 2 Housing- Violated 8th & 1st Amendments

Lt.  T.  Smith-Unit 2 Housing -Violated 8th Amendment

27

Michael Dussart-LVCF Rapist - Violated 8th Amendment

Sgt. Joseph Smith-CWCF Rapist- Violated 8th Amendment

Collin Carson-OIG Investigator-Violated 8th Amendment

Deceased Sgt. Lang-DWCF rapist- Violated 8th Amendment

Jane & /or John Doe(s) # 1 through 17 Violated 1st & 8th Amendments

Charleen Crocket-Food Services- Violated 1st & 8th Amendments

Kerri Delarosa-Religious Programs- Violated 1st & 8th Amendments

Jason Smith-director of Religious Programs- Violated 1st & 8th Amendments

Captain D. Davis DWCF Programs Manager Violated 8th Amendment

Lt Womack-DWCF kitchen-Violated 1st & 8th Amendment

Tina Cullford- HQ Medical-Violated 8th Amendment-Cruel & Unusual Punishment

Captain McCarthy-Violated 8th & 1st Amendment

Perkins- Dietitian Violated 8th Amendment

Eric Jacobi-case manager violated 8th Amendment

L. Burrows-director of Programs violated 8th Amendment.

Dr. Brown-DWCF Psychiatrist-8th Amendment Violation

Michael Dussart violated 8th Amendment

Dennis Houghnon violated 8th Amendment

L. Puga-1st & 8th Amendment

Jane + John Doe(s) Violated 1st + 8th amendment

Doe(s) # 1 through 15 –Violated 8th, 14th, and 1st amendments respectfully as discovery will show.

2-8

**H.    PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Jill Coit    86530*
(Plaintiff's signature)

*12-26-23*
(Date)

(Revised November 2022)

Affidavid I swear under the penality of perjury that the above is true and correct to the best of my knowledge. I will send Exhibits B through P (Court has exhibit A- original Motion filed 10/27/23 and LV 1 through 12 within 30 days as i am having trouble getting copies as law library only copies original documents.

*Jill Coit*    dated 12/26/23

CERTIFICATE OF Mailing, I swear under the penality of perjury that i placed the above in DWCF mail for legal mail, postage perpaid, 1st class to the following: US District Court, 901 19th Street, Denver Co. 80294 & Attorney General's office,1300 Broadway, Denver, Co 80203 on 12/26/23.

*Jill Coit*
Jill Coit 86530, Unit 2-D-120 DWCF, P.O. Box 392006, Denver, Co 80239.

29

7514

$7.50

562

CERTIFIED MAIL

7006 2810 0001 9758 4684

DWCF/CDOC
Yue Cort #A6530
2-D-120
PO Box 392005
Denver Co 80239

Clerk of Court
U. S. District Court
901 - 19th Street A105
Denver, Co 80294

COLORADO DEPARTMENT OF CORRECTIONS
DENVER WOMENS CORRECTIONAL FACILITY
OFFENDER MAIL

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Amber Nason Complaint Dept
Clerk of Court
U.S. District court
901 - 19th St A105
Denver, CO 80294

9590 9402 6875 1104 2195 47

2. Article Number (Transfer from service label)
7008 2810 0001 9758 4684

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Digct  LEGAL MAIL 12/26/23
FACILITY                DATE REC'D

STAFF LAST NAME  ID #  INT
Cort
DOC #  OFFENDER LAST NAME  INT