IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 22 2024

JEFFREY P. COLWELL
CLERK

Civil Action No. 23-cv-2836 SP

JILL COIT,

    Plaintiff(s),

v.

STANCIL, ET AL

    Defendant(s).

---

## PRISONER MOTION FOR APPOINTMENT OF COUNSEL

---

I am a plaintiff in this civil case and am currently not represented by counsel. I believe that I am unable to proceed with the assertion of all my claims in this case without the assistance of counsel. I believe I qualify for the appointment of counsel from the Civil Pro Bono Panel. *Exhibit 3* prior appointment of counsel- case number 12-cv-00609-WYD-DMJ.

I understand that, pursuant to the eligibility requirements set forth in D.C.COLO.LAttyR 15(e)(1), this motion may not be ruled upon before the court completes the initial review of this case required by 28 U.S.C. §§ 1915(e)(2), 1915A and D.C.COLO.LCivR 8.1. I also understand that the court may deny this motion without prejudice with leave to re-file after the initial review is completed, if the case is not dismissed. I am aware that **I am obligated, as a party in this case representing myself, to meet all obligations and deadlines imposed** under the law and the rules of procedure, local rules, and the practice of standards of this court until appointed counsel formally enters an appearance in this case. I also confirm my understanding that, in the event this motion is granted, **there is no guarantee that appointment of**

**counsel results in an attorney(s) automatically entering an appearance in this case** – only that a member of the Civil Pro Bono Panel will review the case for possible representation, which may be limited in scope.

Under the court's Civil Pro Bono Representation rule, a judicial officer of this court may enter an Appointment Order authorizing appointment by the clerk of a member of the court's Civil Pro Bono Panel when the following considerations weigh in favor of appointment, subject to the eligibility restrictions and other provisions of D.C.COLO.LAttyR 15:

(1)     the nature and complexity of the action **[Briefly describe below]**;

I am **blind** (20/200- Exhibit 2) in best eye (right) - cannot read normal size print so can't do research (& no vision at all in left eye), have a hand impairment that prevents my writing from being legible, hearing impaired, wheel chair bound.

(2)     This court ruled LVCF rapist Michael Dussart and Does (1 & 2) <u>without prejudice</u> and this will be include in this new case.

(3)     I was raped by the 3rd CDOC staff member (Sgt. Josh Lang) on 10/31/21; Sgt. Lang took the easy way out and committed suicide about three days after my stating, I would tell.

(4)     I met the court deadline (Lang sexually assaulted other offenders & they will testify at my trial but they do not want the retaliation that comes with reporting staff sexual assault.

(5)     Since my personal computer was taken from me even though I did not violate the signed contract (Exhibit 3) I have no means to access a computer or communicate

2

except through the law library which due to staff shortage is only open 4 or 5 days a month for two hour sessions & allows only limited printed documents.

(6)  The potential merit of the claims or defenses of the unrepresented party. The nature & complexity of this action will involve deposition, hostile witnesses, research, and a trial;

(7)  Appointing counsel will save this court time because pleadings will be concise & have correct legal citations.

(8)  The degree to which the interest of justice will be served by appointment of counsel is great and in the interest of justice. I am not capable of representing myself.

(9)  The potential merit of the claims or defenses of the unrepresented party. The nature & complexity of this action will involve deposition, hostile witnesses, research, and a trial; appointing counsel will save this court time because pleadings will be concise & have correct legal citations. The degree to which the interest of justice will be served by appointment of counsel is great and in the interest of justice. I am no longer capable of representing myself. I fall under Exhibits 4 & 5 as an at-risk- adult.

(10)  the demonstrated inability of the unrepresented party to retain an attorney by other means **[Briefly describe below]**;

I have been unsuccessful in obtaining counsel. My legal documents have not reached the court and have been opened and documents removed *Exhibit 6.* DWCF mail is not secure as the mail bucket sits next to the door for easy offender access.

And

(11)  the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel **[Briefly describe below]**:

3

I am elderly (6/11/44) & have problems making my claims concise. I have about 400 documents proving my claim and Sgt. Lang ejaculated on my back.

D.C.COLO.LAttyR 15(f)(1)(B); *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004).

The demonstrated inability of the unrepresented party to retain an attorney by other means  *Court sent out 18 letters to attorneys, & 1 responded.*

D.C.COLO.LAttyR 15(f)(1)(B); *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004).

**[Please check one or both of the following options:]**

_X_____ **General Representation** – I request that appointment of volunteer counsel be granted by the court for *general* representation in this civil action subject to the rules and procedures set forth in D.C.COLO.LAttyR 15.

_____ **Limited Representation** – I request that appointment of volunteer counsel be granted by the court for the *limited* representation purpose of:

[examples of purposes for limited representation include amending a pleading / drafting a motion / appearing at a conference, hearing, or trial / assisting with a settlement conference / etc.]

I understand that counsel's *limited* representation may be allowed in accordance with D.C.COLO.LAttyR 2(b)(1), under the auspices of the Civil Pro Bono Panel program and its benefits.

Dated at Denver, Colorado, this __14__ day of January, 2024.

_Jill Coit #6530_
_____
Jill Coit # 86530, Unit 2 D-120 DWCF, P.O. 392005, Denver, Colorado 80239

4

Coit, Jill (MRN 2098863) DOB: 06/11/1944 Encounter Date: 06/27/2023

Near pd 60



Discussed multifocal versus single vision lenses.

RTC: cataract pre-op

Russell K Williams, OD

Note Details

## Instructions

Reduced vision, right eye. Previously 20/40 (2007). 2022 was 20/80. Today 20/200. Due to vision with right eye only (Left eye light perception) can not read printed materials. Recommend cataract evaluation.
History of stroke with corresponding vision loss, left eye.
Frequent TIAs, recommend cardiology work-up.
Spectacle Rx included for glasses.
Recommend patient use warm compresses daily and Artificial Tears 4x daily.

After Visit Summary - CCMF (Automatic SnapShot taken 6/27/2023)

## Additional Documentation

Vitals:            LMP  (LMP Unknown)
Encounter Info:    Billing Info, History, Allergies, Detailed Report, Detailed Substance Use History,
                   DH AMB Social and Smoking History Report, Reviewed this Encounter, Dental Sedation Report,
                   HIM Chart Deficiency Report

## Communications

View Encounter Conversation Summary

## All Flowsheet Templates (all recorded)

None

## Orders Placed

🧪 Complete Eye Exam

Cataract Pre-Op - Dx Required

## Medication Changes

None

## Visit Diagnoses

 History of stroke

Printed by Stacie Segura at 6/28/2023 9:39 AM



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
OFFICE OF THE CLERK

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

Jeffrey P. Colwell,
Clerk of the Court

Phone: (303) 844-3433

November 15, 2013

Jill Coit
#163936
Florida - Homestead Correctional Institution
19000 S.W. 377th Street
Suite 200
Florida City, FL 33034-6409

    Re: *Civil Action No. 12-cv-00609-WYD-MJW, Jill Coit v. Aristedes Zavares, et al.*

Dear Ms. Coit:

    This letter is to inform you that pursuant to the Court's Order of Appointment of July 9, 2013, the Clerk's Office of the U.S. District Court placed your case on the list of civil actions for which pro bono counsel will be appointed from the court's Civil Pro Bono Panel of attorneys. I am pleased to report that attorney Edward Ramey of the law firm of Heizer Paul LLP has preliminarily agreed to represent you and would like to contact you to further discuss your case. As directed by the Court's Civil Pro Bono Plan, his discussion with you is to explore if any actual or potential conflicts of interest exist, whether the dispute could be resolved more appropriately by other means, and in general whether representation of you in this matter should proceed.

    Mr. Ramey has a substantial legal background and considerable experience in federal trial practice, and has been a long-standing member of the court's Civil Counsel/Co-Counsel Pro Bono program.

    This letter is a means of officially introducing Mr. Ramey to you and to inform you that he responded to the Court's request for interest in the Civil Pro Bono Panel through his participation in the local federal trial bar association, the Faculty of Federal Advocates. The Faculty acts as the liaison organization between the Court and federal trial practitioners; members of the Faculty have a reputation for accomplishment and commitment to assisting the courts with pro bono representation and are familiar with the unique aspects of such cases.

    Mr. Ramey should be contacting you shortly to introduce himself to you and to converse with you about your case.

    However, please be aware that Mr. Ramey, unlike appointed lawyers in criminal cases, such as public defenders, is acting purely on a voluntary basis. He will litigate this matter in consultation with you, using his experience and talents in all aspects of the case, including strategic decisionmaking. He can withdraw from the case if it is determined that he can no longer represent if you if a conflict develops with the Rules of Professional Conduct.

    I hope your discussions go well with Mr. Ramey. I am enclosing a copy of U.S. District Judge Martinez's Order of Appointment, the Clerk's Office Notice of Appointment, and a copy of the district court's Civil Pro Bono Plan.

                            Sincerely,
                              s/ Edward P. Butler
                            Edward P. Butler, Legal Officer

cc:    Mr. Edward Ramey, Esq.

**COLORADO Department of Corrections**

**Legal Access Program Photocopy Request Form**

AR Form 750-01B (04/01/23)

LAST NAME: Cot   FIRST INITIAL: Jue   DOC #: 86530
FACILITY: DCCF   UNIT/TIER/CELL: 2 D/20   DATE SUBMITTED: 6/21/23
LIST THE DATE OF ANY **COURT IMPOSED DEADLINE**: non

A signed and completed miscellaneous withdrawal slip must accompany this request.

Please list each document to be copied on separate lines and include description, number of pages you are submitting, and number of copies you are requesting. Incomplete forms will be returned or denied.

| DESCRIPTION OF DOCUMENTS SUBMITTED | # PAGES SUBMITTED | # COPIES REQUESTED | # COPIES APPROVED | Offenders, do not write in this column |
|---|---|---|---|---|
| 1  Cot 86530 - TRO | 3 | 2 | DENIED | |
| 2  USDC (no case #) | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

**OFFENDER SIGNATURE (REQUIRED)**: Jee Cot

**DO NOT WRITE BELOW THIS LINE – OFFICIAL USE ONLY**

NUMBER OF PAGES RECEIVED: _____
DATE RECEIVED: JUN 2 1 2023
DATE COMPLETED: DENIED
CHARGE TO ACCOUNT: $ 0
METER END: 356634
METER BEGIN: 356633
DOC EMPLOYEE PHOTOCOPIER INITIALS: LAP
TOTAL COPIES: 1
ADMINISTRATIVE COPIES: 
TOTAL COPIES TO OFFENDER: 0
DATE DENIED: JUN 2 1 2023

Your request has been **DENIED**  X  in whole _____ in part for the following reasons:

___ Form Error - Your request form was not properly completed (Missing required signature, last name, first initial, full cell location, facility, unit, tier, cell, DOC #, date, etc.).
___ Exceeds Page Limit – Your request exceeds the page limit established by the Legal Access Program Photocopy Policy
___ Exceeds Number of Copies – Regardless of your ability to pay, you will be supplied only the required number of copies as dictated by court rule or statute
___ Insufficient Funds – You must have available funds to purchase LexisNexis case cites & statutes/research materials; OR copies of legal documents that fall outside the areas of habeas corpus, post-conviction, or civil rights related to conditions of confinement. See Auxiliary copy sheet.

**FAILED TO SUBMIT:**
___ Documents – You must submit the documents you are requesting to be copied with this form.
___ Miscellaneous Withdrawal Ticket – You must submit a completed & signed miscellaneous withdrawal ticket with your request, regardless of available funds on your inmate account.
___ Original Document/pleading - Must be submitted along with all requests for attachments/exhibits, even if the original is not being copied. Attachments/exhibits must be labeled & referenced in the original document.
___ Account Statements – You must provide a completed waiver of fees (In Forma Pauperis = JDF 201, 205 or 1915) or JDF 208 motion to receive a certified account statement to accompany your document.

**The Legal Access Program will NOT copy:**
___ Transcripts, electronic or paper media, including but not limited to transcripts, court records, and discovery from courts or attorneys.
___ Incomplete, altered, and/or blank forms.
___ Correspondence and attachments to correspondence are not permitted to be typed, saved, printed or copied. Correspondence as attachments or exhibits will not be copied or printed.
___ AR's/IA's; case law; statutes; court rules; session laws, or materials contained in the law library even as attachments/exhibits. (Exception for non-published case law to be attached to a pleading.)
___ NON-Legal materials – The materials/documents you have submitted do not meet program definitions of legal material, as described in AR 750-01.
___ UCC/Sovereign citizen – Documents that contain UCC related statements, theories or signatures will not be copied, nor printed from, or saved on, law library computers.
___ Non-Original documents – Documents previously copied or printed (e.g. account statements, mittimus, etc.), grievances, COPD appeals; except as exhibits attached to an original pleading being filed with the court. Your pleading must include a statement referring to the attached exhibits in order for them to be copied.
___ Voluminous – One section of the cite you requested is equal to one cite. You may purchase 5 cites per week, on ONE request form. Limit 100 pages total per request.
___ Excess Arrears – Your account is in arrears for at least $500. See AR 750-01 for additional information.
___ Substances - The Legal Access Program will not accept or copy any request form or document which has any substance on it, such as dirt, food, coffee, hair, bodily secretions, glue, tape, staples, toothpaste, etc.
X You may bring your request into compliance and resubmit.
X Other - Your 1983 has not been filed w/ USDC as of today 6/21/23. Once your complaint has been filed, you may resubmit w/ that case #

Attachment B
Page 1 of 1

1-18-24

Dear Clerk of Court

Please see enclosed.
1) Motion to correct typos/errors/ omission - Will send other exhibits when we can get them copied

2) Motion for IFP Request & IFP Motion

3) Motion for appointment of counsel Will send more exhibits when we can get them copied.

Thank. Please send copy to this little Bad.

Cell cost f 653 x Unit 2-D-120
DOC CF-P.O. By 392005
Denver, Co 80239



Jim Cott 86530 Unit N-1oc
2W C F PO Box 350005
Denver Co 80235

Clerk's Court
U.S District Court
901- 19th Street
Denver, Co 80294

7015 1520 0001 7492 3782

