IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02835-SBP

JILL COIT,

    Plaintiff,

v.

ANDRE STANCIL,
GOVERNOR JARED POLIS,
RYAN LONG,
A. JACOBSON-SANCHEZ,
JANET SMITH,
CAPTAIN CERBO,
LT. RAY,
MAJOR LISA GATES-FOUSE,
MAJOR GARY LITTLE,
HSA NICOLE PRICE,
N.P. DEB REILLY,
DR. MAUL,
CAPTAIN K. MESTAS,
CAPTAIN JOHN SMITH,
SGT. WOMACK,
JASON SMITH,
K. DELAROSA,
ERIC JACOBI,
DR. BROWN,
J. BRACKNEY,
L. BORROWS,
L. PUGA,
K. PERKINS,
JANE AND/OR JOHN DOE(S),
JOSH LANG (DECEASED),
MAJOR KEEGAN FOWLER, and
CIS INVESTIGATORS,

    Defendants.

1

### ORDER TO FILE THIRD AMENDED PRISONER COMPLAINT

Plaintiff is a state prisoner in the custody of the Colorado Department of Corrections ("CDOC") and is currently incarcerated at the Denver Women's Correctional Facility ("DWCF") in Denver, Colorado. On October 25, 2023, Plaintiff initiated this action *pro se* by submitting a Prisoner Complaint (ECF No. 1) and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 4). In response to a Court Order Directing Plaintiff to Cure Deficiencies (ECF No. 5), Plaintiff submitted an Amended Prisoner Complaint on December 28, 2023 (ECF No. 8). After Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 12), the Court issued an Order to File a Second Amended Prisoner Complaint (ECF No. 16). The Court specifically advised Plaintiff that she must not assert claims subject to Eleventh Amendment immunity and that she must provide adequate allegations to support her claims for deliberate indifference to serious medical needs, denial of access to the courts, retaliation, deprivation of personal property, sexual assault, and denial of a religious diet. (*Id.* at 6-15). On April 19, 2024, Plaintiff submitted a Second Amended Prisoner Complaint (ECF No. 20) and a motion for appointment of counsel (ECF No. 21).

The Court must construe the Second Amended Prisoner Complaint liberally because Plaintiff proceeds without an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons set forth below, Plaintiff must file a

Third Amended Prisoner Complaint to clarify her claims for relief.

## I.     SECOND AMENDED PRISONER COMPLAINT

Plaintiff brings this action under 42 U.S.C. § 1983 against approximately 27 employees of the Colorado Department of Corrections ("CDOC") and Governor Jared Polis. (ECF No. 20 at 3-4, 29). She sues these Defendants in their official capacities and seeks damages and injunctive relief. (*Id.* at 8, 11, 14-15, 18, 21, 23, 27, 28, 31).

Plaintiff's first claim is titled: "Forcible rape, drugging, kidnapping, battery, excessive force, and wanton infliction of pain by CDOC correctional staff member Josh Lang[.]" (*Id*. at 5). The factual basis for this claim stems from allegations that Plaintiff was sexually assaulted by a CDOC staff member on October 31, 2021. According to Plaintiff, the perpetrator of this assault, Sergeant Lang, later committed suicide. Plaintiff alleges Defendants Stancil, Does, Long, Cerbo, Ray, OIGs, and Lang "were deliberately indifferent, failed to implement policy and procedures by fail[ing] to act to protect Plaintiff." (*Id.* at 6). She further alleges Defendant Cerbo failed to supervise staff and follow PREA procedures. (*Id.* at 7).

Plaintiff's second claim is titled: "Due Process Violations & Retaliation for reporting staff (sexual) misconduct[.]" (*Id.* at 8). It is asserted against Defendants Stancil, Does, Mestas, Jacobi, and OIGs. (*Id.* at 9). In this claim, Plaintiff alleges that on April 18, 2022, Defendant "Mestas & Doe(s)" took Plaintiff's "personal property & legal box," religious items, and medication in retaliation for Plaintiff "reporting staff rape by Lang[.]" (*Id.* at 9-10). According to Plaintiff, she has lost more than $1,500 in personal property. (*Id.* at 10). Further, Plaintiff alleges

Defendant Puga, the law librarian, is hindering her efforts to access materials in the law library in an effort to "slow down/stop law suit." (*Id.* at 11).

Third, Plaintiff asserts a claim for "Breach of Computer & Clothing contracts" against Defendants Stancil, Long, Little, Fowler, Janet Smith, Jacobi, Mestas, Dr. Brown, and Dr. Maul. (*Id.* at 12). As support, Plaintiff alleges she was issued a personal computer and signed a contract stating that she was responsible for all associated costs. Plaintiff contends Defendant Long breached this contract when he refused to allow her to send her computer "out for repair as contract required." (*Id.* at 12-13). Plaintiff goes on to allege a breach of contract against Defendants Little, Long, Stancil, Price, and Fowler for denying her "non-polyester clothing" pursuant to a "written clothing contract[.]" (*Id.* at 14).

The fourth claim is titled "not obeying Mackes & ADA U.S.C. 12132 & Rehabilitation act 29 U.S.C. 794" and is asserted against Defendants Stancil, Does, Long, Janet Smith, Sanchez, Brackney, Burrows, and Puga. (*Id.* at 15). In it, Plaintiff alleges that the denial of accommodations for visually impaired inmates violates "Mackes." (*Id.* at 13-14). Plaintiff contends the Defendants are denying her these accommodations as retaliation for reporting the sexual assault by Sgt. Lang. (*Id.*).

Fifth, Plaintiff asserts a "Violation of 1st Amendment Right to Practice Judaism[.]" (*Id.* at 18). Plaintiff claims that Defendants Stancil, Does, Long, Jason Smith, John Smith, Mestas, Cerbo, Delarosa, and Womack have denied her a kosher diet, forced her to use a microwave that cooks non-kosher food, denied her 16 ounces of grape juice for "Seder Plate," and denied her religious items to practice Judaism. (*Id.* at 18-20).

Sixth, Plaintiff asserts an "8th Amendment" claim based on "Denying, hindering and interfering with access to the courts & preparing documents" against Defendants Stancil, Does, Little, Janet Smith, Sanchez, and Mestas. (*Id*. at 21). Essentially, Plaintiff claims that Defendants have interfered with her ability to send and receive mail including legal mail. She further contends she has been denied access to the law library. (*Id*. at 22-23).

Seventh, Plaintiff asserts a claim based on the "Denial of Medical care" against Defendants Stancil, Does, Price, and Reilly. (*Id*. at 23). Essentially, Plaintiff claims that Defendants Stancil and Does have "failed to implement policy & procedures to require CDOC physicians to follow Specialist recommendations/orders[.]" (*Id.* at 23-24). Plaintiff alleges she has been denied dental care, medical shoes, physical therapy equipment, treatment for her hip, the ability to join a class action lawsuit, and effective pain relief. (*Id*.). She also asserts stray allegations that her medical records have been destroyed. (*Id*. at 24-25).

Finally, the eighth claim is titled "Discrimination on transgender issues" and appears to pertain to Plaintiff's desire to transition from "Female to Male" and to be placed at a "male facility" due to allegations that she "thinks like a male & was born in wrong body[.]" (*Id.* at 27).

The Court will now discuss the issues presented in the pleading.

II. **PLEADING ISSUES**

A. **Joinder**

Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an

5

opposing party." However, the issue of whether multiple defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) **Defendants**.  Persons . . . may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Because Plaintiff appears to assert claims against multiple defendants at three different correctional facilities, her claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences. Further, the various types of claims asserted against Defendants also fail to demonstrate that there is a question of law or fact common to all Defendants. Therefore, it does not appear that the named Defendants are properly joined in a single action.

"Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, "'[t]o remedy misjoinder, . . . the court has two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately.'" *Nasious v. City and County of Denver*, 415 F. App'x 877, 881 (10th Cir. 2011) (unpublished) (quoting *DirecTV, Inc., v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006)).

In the third amended Prisoner Complaint, Plaintiff must comply with Rule 20(a)(2) to avoid misjoinder of parties.

### B. Eleventh Amendment Immunity

As Plaintiff was previously advised, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). Therefore, Plaintiff's official capacity claims must be construed as claims against CDOC. However, the CDOC is an agency of the State of Colorado. *See* Colo. Rev. Stat. § 24-1-128.5. As such, the CDOC is protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *see also Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) ("Neither states nor state officers sued in their official capacities are 'persons' subject to suit under section 1983").

Therefore, Plaintiff cannot assert official capacity claims against the named Defendants for damages in the third amended Prisoner Complaint.

And although official capacity claims for prospective injunctive relief are not afforded immunity, *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002) (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)), Plaintiff is further advised that a prisoner's claim for injunctive relief with respect to a particular facility may be rendered moot by his or her transfer to another facility. *See, e.g.*, *Jordan v. Sosa*, 654 F.3d 1012, 1034 (10th Cir. 2011) (explaining that prisoner's claims for injunctive and declaratory relief were rendered moot by his transfer to another facility); *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (determining that prisoner's transfer mooted his claim for injunctive relief as a judgment in the prisoner's favor "would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards

him"); *Cleveland v. Martin*, 590 F. App'x 726, 729 (10th Cir. 2014) (unpublished) (concluding that prisoner's claim for injunctive relief relating to conditions at prison was rendered moot by his transfer to a different prison).

Because a portion of Plaintiff's claims involve incidents at the Denver Reception and Diagnostic Center and the La Vista Correctional Facility, and she is no longer incarcerated at either of these facilities, these official capacity claims for prospective injunctive relief against the named Defendants are moot and should not be included in the third amended Prisoner Complaint.

### C. Doe Defendants

Plaintiff looks to sue several individuals but does not appear to know their names. A plaintiff may use fictitious names, such as "John Doe" or "Jane Doe," when the real name of the individual(s) who allegedly violated a federal right is unknown. The key is to provide enough information about each person so he or she can be identified for service of process. *See Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). Sufficient identifying information may include the person's first or last name, title, the date and time of the alleged violation, the job description of the defendant, the name of the prison that employs the person, the defendant's gender, physical description (height, hair color, eye color, etc.), and exactly what actions the defendant took.

### D. Rule 8

Plaintiff's third amended pleading also must provide a short and plain statement of each claim showing that she is entitled to relief, as well as a demand for the relief sought. Fed. R. Civ. P. 8(a)(2), (3). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). The

twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The Court emphasizes these points because Plaintiff's current Second Amended Prisoner Complaint is rambling, confusing, vague, and unorganized. However, it is Plaintiff's responsibility to present her claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to allow the defendants to be able to respond to those claims. She must comply with these standards in any amended pleading.

### III.   CONCLUSION

For these reasons explained above, it is

ORDERED that Plaintiff shall file, within **thirty (30) days** from the date of this order, a third amended Prisoner Complaint that complies with all directives contained in this order. To be clear, Plaintiff must submit a single, fully completed third amended Prisoner Complaint on the court-approved form as one document that contains all claims and allegations. Furthermore, the instructions accompanying the Court's Prisoner Complaint form specify that "the total length of the Prisoner Complaint, including the form and all additional pages, may not exceed thirty pages." *See* www.cod.uscourts.gov/CourtOperations/RulesProcedures/Forms.aspx. Plaintiff is also advised that the Court is not required to sort through multiple pleadings to ascertain her claims or compile the required information from multiple documents. It is

FURTHER ORDERED that Plaintiff obtain and utilize the court-approved Prisoner Complaint form (with the assistance of a case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file a third amended Prisoner Complaint that complies with this order within the time allowed, the action may be dismissed in whole or in part without further notice. It is

FURTHER ORDERED that Plaintiff's "Motion to Replace Page 30 of Plaintiff's 2nd Amended Complaint" (ECF No. 22) is granted. The Court has replaced page 30 of Plaintiff's Second Amended Complaint with the document attached to this motion and considered it herein. It is

FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 21) is denied without prejudice as premature. This case is undergoing initial review pursuant to D.C.COLO.LCivR 8.1(b). If the action is drawn to a presiding judge, Plaintiff may renew her motion at that time.

DATED May 21, 2024.

BY THE COURT:

Susan Prose
United States Magistrate Judge