IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02835-LTB-RTG

JILL COIT,

    Plaintiff,

v.

STANCIL, *et al.*,
RYAN LONG,
CAPTAIN CERBO,
LT. RAY,
JANET SMITH,
A. JACOBSON-SANCHEZ,
ERIC JACOBI,
CAPTAIN JOHN SMITH,
HSA NICOLE PRICE,
N.P. DEB REILLY, and
JANE & JOHN DOES,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Richard T. Gurley, United States Magistrate Judge**

    This matter comes before the Court on the Fourth Amended Prisoner Complaint (ECF No. 33) filed *pro se* by Plaintiff Jill Coit. The matter has been referred to this Magistrate Judge for recommendation. (ECF No. 36).

    Having carefully reviewed and considered the filings to date, the entire case file, and the applicable law, this Court respectfully **RECOMMENDS** that the Fourth Amended Prisoner Complaint be dismissed for a number of reasons.

1

## BACKGROUND

The Court must liberally construe the Fourth Amended Prisoner Complaint because Ms. Coit is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Applying these standards to Ms. Coit's filings, the Court discerns that Plaintiff Jill Coit ("Plaintiff") is a state prisoner in the custody of the Colorado Department of Corrections ("CDOC") and is currently incarcerated at the Denver Women's Correctional Facility ("DWCF") in Denver, Colorado. On October 25, 2023, Plaintiff initiated this action *pro se* by submitting a Prisoner Complaint (ECF No. 1) and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 4). In response to a Court Order Directing Plaintiff to Cure Deficiencies (ECF No. 5), Plaintiff submitted an Amended Prisoner Complaint on December 28, 2023 (ECF No. 8). After Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 12), the Court issued an Order to File a Second Amended Prisoner Complaint (ECF No. 16). The Court specifically advised Plaintiff that she must not assert claims subject to Eleventh Amendment immunity and that she must provide adequate allegations to support her claims for deliberate indifference to serious medical needs, denial of access to the courts, retaliation, deprivation of personal property, sexual assault, and denial of a religious diet. (*Id.* at 6-15).

On April 19, 2024, Plaintiff submitted a Second Amended Prisoner Complaint.

(ECF No. 20). On May 21, 2024, the Court issued an Order Directing Plaintiff to File a Third Amended Prisoner Complaint that clarified her claims for relief and complied with the pleading requirements of the Federal Rules of Civil Procedure. (ECF No. 24). In response, Plaintiff filed: (1) a Third Amended Prisoner Complaint (ECF No. 30); (2) a motion for a video conference (ECF No. 31); (3) a motion to delete the Third Amended Complaint and replace it with a Fourth Amended Complaint (ECF No. 32); and (4) a Fourth Amended Complaint (ECF No. 33). Therefore, the Court reviews the sufficiency of the allegations of the Fourth Amended Prisoner Complaint (ECF No. 33), the operative pleading, filed on July 22, 2024, and will discuss the reasons dismissal is recommended. Since Plaintiff was granted leave to proceed pursuant to § 1915 (ECF No. 12), the Fourth Amended Prisoner Complaint ("Complaint") is screened under 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e(c) because Plaintiff is a prisoner who seeks redress from officers or employees of a governmental entity.

Plaintiff brings this action under 42 U.S.C. § 1983 against numerous employees of the CDOC. (ECF No. 33 at 1-3, 20). She sues the Defendants in their individual and official capacities and seeks $8 million in damages. (*Id.* at 1-3, 20-22). In the operative Complaint, Plaintiff asserts one claim titled: "Violated U.S. and Colorado Constitution (1st, 8th & 14th), rape by staff, retaliation, failure to train, inadequate security system, failure to protect, violated Aided-in-Agency theory, violated ADA and Mackes and Transgender rights, denied access to programs, services and activates due to disabilities, denied religious rights, failure to protect property from staff retaliation, failure

to provide medical care for serious medical needs and mental health counseling, failure to follow on AR's and implement policy and procedures to protect Plaintiff, etc." (*Id.* at 5) (no alterations made).

The factual allegations supporting this claim are confusing, unorganized, and difficult to follow. However, as best the Court can tell, the basis for this claim stems from allegations that Plaintiff was sexually assaulted by a CDOC staff member on October 31, 2021. According to Plaintiff, the perpetrator of this assault, Sergeant Lang, later committed suicide. Plaintiff alleges Defendants Stancil, Long, Cerbo, and Ray failed to adequately investigate the assault, acted with deliberate indifference, and failed to implement policy and procedures to protect Plaintiff. Plaintiff insists these defendants "turned a blind eye" to reports of such assaults. She further alleges Defendant Cerbo failed to supervise staff and follow PREA procedures. (*Id.* at 5-1). Also, after she reported the rape to CDOC officials, Plaintiff contends she was retaliated against by being denied access to authorized medical "equipment/aids and appliances" and medical treatment by a specialist "capable of diagnosing serious and painful medical conditions." (*Id*. at 8-9). Plaintiff claims she has been denied dental care, medical shoes, physical therapy equipment, treatment for her hip, the ability to join a class action lawsuit, and effective pain relief. She also asserts stray allegations that her medical records have been destroyed. (*Id*. at 8-19).

Plaintiff also claims that various CDOC staff members have taken her personal property, hindered her efforts to access materials in the law library, refused to allow her

to send her computer for repairs, denied her access to certain articles of clothing, denied her accommodations for her visual impairments, and denied her a kosher diet and religious items to practice Judaism. (*Id.*). Finally, Plaintiff alleges discrimination that appears to pertain to her desire to participate in the "Sterling Transgender Unit." (*Id.* at 11, 18).

## DISCUSSION

The Court reviews a prisoner's complaint to determine whether any claims are appropriate for summary dismissal as frivolous or seek relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A; D.C.COLO.LCivR 8.1(b). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). A claim that is legally frivolous is one based on an indisputably meritless legal theory, such as infringement of a legal interest that clearly does not exist. *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). There is considerable overlap between the standards for frivolousness and failure to state a claim and a claim that lacks an arguable basis in law is dismissible under both standards. *Neitzke*, 490 at 326, 328. Plaintiff's Fourth Amended Complaint is subject to dismissal as follows.

I.   **Eleventh Amendment**

The Eleventh Amendment to the United States Constitution states: "The Judicial

power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It has been interpreted to bar any action brought against a state in federal court, including suits initiated by a state's own citizens. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Eleventh Amendment immunity extends to states and state entities deemed "arms of the state," as well as to state officials sued in their official capacities for monetary damages or declaratory relief. *See Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (holding suits against state officials sued in their official capacities should be treated as suits against the state); *Johns*, 57 F.3d at 1553 ("The Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past.").

The "sole exceptions" to Eleventh Amendment immunity are "(1) when Congress has abrogated the states' immunity, as in legislation enacted to enforce the Fourteenth Amendment; and (2) when a state waives its immunity." *Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013) (citations omitted). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Therefore, the Court recommends that Plaintiff's request for monetary relief asserted against the Defendants in their official capacities be dismissed without prejudice as barred by the Eleventh Amendment.

II.     **Rule 8 of the Federal Rules of Civil Procedure**

As the Court advised in its previous orders to amend, Plaintiff's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Complaints must contain a short and plain statement of the facts explaining why a claim succeeds. Fed. R. Civ. P. 8(a)(2). The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Vague and conclusory allegations that a plaintiff's federal constitutional rights have been violated, however, do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. The general rule that *pro se* pleadings must be construed liberally has limits, and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Thus, to state a claim in federal court, "a complaint must explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Here, Plaintiff's Fourth Amended Prisoner Complaint does not include a short and plain statement of her claims showing an entitlement to relief. Rather, it is rambling, confusing, vague, and unorganized. Plaintiff fails to allege in a clear, concise, and organized manner what each defendant did to her, when the defendant did it, how each defendant's action (or inaction) harmed her, how each defendant violated her federal rights, and what relief she seeks as to each claim and defendant. *See Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) ("Our first task in any § 1983 suit alleging a

constitutional violation is to isolate the precise constitutional violation with which the defendant is charged.") (cleaned up); *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (holding that active-voice yet undifferentiated allegations that "the defendants" infringed a plaintiff's rights are insufficient to plead personal participation). Rather, the Complaint asserts one claim for relief that appears to list numerous constitutional deprivations and provides more than 20 pages of unorganized allegations that purportedly support all the violations.

Ultimately, Plaintiff's allegations are vague and conclusory, and she fails to allege that the acts taken by Defendants amounted to a constitutional violation. For example, Plaintiff appears to allege a constitutional violation based on a prison official's failure to comply with a prison regulation. However, this does not violate the Constitution unless the prison official's behavior "failed to conform to the constitutional standard." *Porro*, 624 F.3d at 1329 (holding that a prisoner must establish that the violation of a prison policy necessarily stated a constitutional violation); *see also Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation"). Thus, Plaintiff's allegations that the Defendants failed to follow various CDOC rules fail to show the deprivation of a constitutionally protected right.

Also, Plaintiff appears to complain, at least in part, that her grievances were either denied or ignored. But, Plaintiff cannot maintain a § 1983 claim against prison officials or administrators on the basis that they denied or ignored her grievances. The

denial of a grievance, by itself, without any connection to the violation of constitutional rights, does not establish personal participation under § 1983. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, 307 F. App'x 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (finding that the denial of grievances alone is insufficient to establish personal participation in alleged constitutional violations); *Davis v. Ark. Valley Corr. Facility*, 99 F. App'x 838, 843 (10th Cir. May 20, 2004) (unpublished) (holding that sending correspondence to prison warden that outlines "complaints about medical care, without more, does not sufficiently implicate the warden under § 1983").

Finally, some of the defendants are unnamed or identified as John or Jane Doe defendants. Despite previous warnings in the orders to amend, Plaintiff does not provide an adequate description of the individuals involved so that process could eventually be served on them. *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996) ("Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served").

As such, the Fourth Amended Prisoner Complaint is subject to dismissal because it does not meet the pleading standard imposed by Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (internal quotations and citations omitted); *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (same).

**RECOMMENDATION**

For these reasons set forth above, it is respectfully

RECOMMENDED that the § 1983 claims asserted in the Fourth Amended Prisoner Complaint (ECF No. 33) against the Defendants sued in their official capacities for monetary relief, be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) as barred by the Eleventh Amendment. It is

FURTHER RECOMMENDED that the Fourth Amended Prisoner Complaint (ECF No. 33) and this action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 8.[1] It is

FURTHER ORDERED that in light of this Recommendation, Plaintiff's "Notice to the Court to Please Delete 3rd Amended Complaint and Allow Plaintiff to Refile" (ECF No. 32) is GRANTED to the extent that the Court has treated the Fourth Amended Prisoner Complaint (ECF No. 33) as the operative pleading. It is

FURTHER ORDERED that in light of this Recommendation, the "Petition for

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Video Telephone Conference Call with Magistrate Judge Richard T. Gurley Regarding Disabilities and Access to the Court" (ECF No. 31) is DENIED AS MOOT.

DATED August 27, 2024.

BY THE COURT:

_Richard T. Gurley_
_____
Richard T. Gurley
United States Magistrate Judge