FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 18 2024

JEFFREY P. COLWELL
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  23-cv-2835 LTB-RTG

<u>JILL COIT</u> , Plaintiff

v.

**Jury Trial requested:**
(please check one)

___X___ Yes _____ No

<u>STANCEL ET AL</u> , Governor Polis, Ryan Long, Lt. Ray, Capt. Cerro, Lisa Gates-Fouse, Gary Little, Nicole Price, Deb Reilly, Dr Maul, Capt. Mestas, John Smith, Janet Smith, A. Jacobson-Sanchez, Sgt. Womac, Jason Smith, K. Denarosa, Dr. Brown, Charleen Crockett, Eric Jacobi, J. Brockney, L. Borrous, L. Pager, OI J.K. Danny Lake, Hillary Victoroff, Jane & John Doe's & Sgt Josh Lang —

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## FIFTH (5TH) AMENDED PRISONER COMPLAINT

---

| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.<br><br>**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |



## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

_Jell Cut  £6 530  DOCF_

(Name, prisoner identification number, and complete mailing address)

_Unit 1 – 1D-120  B.O Box 392005  Denver Co_

(Other names by which you have been known)

_8O289_

_You know all manur Kerron_

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____    Pretrial detainee
____    Civilly committed detainee
____    Immigration detainee
__X__    Convicted and sentenced state prisoner
____    Convicted and sentenced federal prisoner
____    Other: (*Please explain*) _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: _____

(Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ____ Yes ____ No (*check one*).  Briefly explain:

_____

_____

Defendant 1 is being sued in his/her ____ individual and/or ____ official capacity.

2

*(handwritten at top)* Jill Cost #6530 P.O.Box 392 005
Denver Co #0239 Defendant Information

~~more space is needed, use extra paper to provide the information requested.~~ *The additional pages*
~~regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."~~

*(handwritten)* B, Defendant Information

Defendant 1:   ANDRE STENCIL 1250 ACADEMY PARK LOOP, COLO. SPRINGS, CO  80910
              (Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or
federal law?  __X__ Yes ___ No (*check one*).  Briefly explain:

EXECUTIVE DIRECTOR OF CDOC –Title 17-1-101 ET Seq

Defendant 1 is being sued in his/her ___ individual and/or X official capacity.

Defendant 2:    RYAN LONG   1250 ACADEMY PARK LOOP, COLO. SPRINGS,,CO.  80910
              (Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or
federal law?  __X__ Yes ___ No (*check one*).  Briefly explain:

WARDEN OF DWCF - Title 17-1-101 ET Seq

Defendant 2 is being sued in his/her ___ individual and/or X official capacity.

Defendant 3:    Governor Jared Polis, Governor of Colorado  *State Capitol Building Den. Co.*
              (Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or
federal law?  X Yes ___ No (*check one*).  Briefly explain:

Appoints Executive Director and is responsible for all of CDOC  & Title 17-1-101 ET Seq

Defendant 3 is being sued in his/her ___ individual and/or  X official capacity.

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

X ____    State/Local Official (42 U.S.C. § 1983)
____    Federal Official

As to the federal official, are you seeking:
___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,*

403 U.S. 388 (1971)
_/\_ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. §

*(handwritten)* 2B



## Short and Plain Statement

Plaintiff alleges all defendants and persons named below were acting under the color of state law during the time of these allegation and only had access to Plaintiff due to their employment in the CDOC/DWCF under the Aided-in-Agency Theory and there was clearly established laws regarding 8th, 14th and 1st Amendments violations, all had knowledge and the frame of mind to know that they were violating Plaintiff Federal, Constitutional and Colorado laws. **Plaintiff is requesting the sum of 8 million plus for the following listed violations and claims under the Amended Complaint and whatever else the Court and Jury awards.** Plaintiff will not repeat this as space is limited

1. 10th Circuit ruled sexual assault/rape by correctional officer/staff is not part of the penalty inmates pay for their conviction. Plaintiff alleges **St. Josh Lang on 10/31/21 sexually assaulted/ raped and drugged her** in bathroom ___ thus violated Federal, Constitutional and State laws/Rights (8th, 1st and 14th Amendments). With Captain Cerbo and Lt Ray failing to carry out ministerial duties required by law in failing to report Lang for being 'too familiar" to the Officer of Inspector General's Office an investigation did not happen and Lang was not removed from the facility. It was about 4 months after Plaintiff reported to DWCF Warden Ryan Long that she needed to speak with OIG investigators that they spoke with Plaintiff. Plaintiff asked Warden Long if there were reports regarding Sgt. Josh Lang and Warden Long stating, "He thought so". OIG and investigators failed to investigate in a timely manner. Plaintiff was physically and psychology damaged from being raped again. Can't sleep, eat/swallow, and function, constant fear, upset stomach, headaches, vomiting and pain exacerbated due to increased stress and anxiety.

2. Plaintiff had a right to access the courts and was entitled to **receive and send out legal mail** without it being mail tampering/ interfered or pages removed by (Doe's in mail room). Plaintiff was denied court access as documents had pages removed, and documents she had printed in law library never reached the court and letter(s) from attorney never reached her or letters sent to attorney. Exhibit _____ affidavit. 1st Amendment violation. Plaintiff might never be able to identify who took Plaintiff legal mail, page from Amended Complaint or other violations.

3. In Plaintiff's Breach of Contract claims (A). Colorado Contract law is well established for **written contract rules** which Plaintiff's contracts meet. Plaintiff was acting in good faith and had the expectation that defendants would honor their written contracts and not interfere with her ability to obey contract, especially since contract was initiated by DWCF Warden Ryan Long with Major Fowler, Major Little and HSA Price to comply. The contracts were clear and not ambiguous and defined what was expected of defendants as defendants drew up the contracts if there is any discrepancy they are responsible. Fowler delivered and coached Plaintiff to sign these contracts, after all if you can't believe the Warden, who you can believe.

(A) Regarding the <u>clothing contract</u> (See complaint for exhibits) Warden Long assured/promised Plaintiff that all her clothing would be provided once Little's "budget had money" which was a lie, Major Little and HSA Price never gave Plaintiff her promised clothing. Inmates are allowed new clothing every 6 months except Plaintiff who has been waiting over 2 years for her clothing ___ To

4. Regarding the hobby craft contract Exhibit __ Doe(s) Plaintiff has no way to identity who actually sent the hobby crafts back to sender since Plaintiff did not receiving notice of rejected mail as is required by AR 300. Plaintiff was denied her hobby craft items as the contract set forth and Plaintiff has no available remedy to force defendants to obey hobby craft contract as DWCF refuses to take Plaintiff to court for Small claims court. Breach of contract is an 8th Amendment- (Due Process) violation and a Colorado Contract violation.

C. Regarding the <u>computer contract</u>: Plaintiff alleges she has a liberty interest as she had a written contract with Warden Long and he allowed her to have the donated computer and then



inhibited/forbid her to meet the terms of the contract when he refused to allow her to send out the computer for repairs. Compute needed repairs because Mestas removed the computer from a safe environment (next to Jacobi's office in unit 1 the photocopy room) to an area that was not secure and allowed inmates free access to her computer. Plaintiff's computer had a liquid substance dumped into the CPU which made computer only turn on sporadically. When Plaintiff request permission from Warden Long to send out computer for repairs as contract required, Warden Long said "no" and didn't give a reason. Long stated that HQ especially Travis Trani did not like him giving her a personal computer and made him justify in writing why he did. Plaintiff will produce this document when she is allowed discover as it is important to show retaliation and denial of ADA accommodations for filing staff sexual abuse. Dr. Shankar and Dr. Miller, psychiatrist identified that Plaintiff needed this computer for mental health reasons and because she is sight impaired. Computer allowed her to take part in programs, services and activities that are allowed to all non-disabled inmates. This interference with Plaintiff's ability to fulfill the written contract caused Plaintiff to lose her personal computer this inhibiting taking part in programs, services and activities, and file legible grievances independently. Plaintiff needs her computer to communicate with friends, family and even this court.

(A.) Warden Long, Gates-Fouse, Little and Price have been deliberately indifferent and had knowledge Plaintiff needed computer for taking programs, treatments depression journaling, correspondence and communication but were deliberate indifference to all mental health request. Due to being raped and retaliated by staff, plaintiff has been suicidal and has received no outside help as DWCF does not have the staff to accommodate her mental health needs.

(B.) Mental Health director Dr. Lavender tried to get HSA Price to allow Plaintiff computer use but Price told Lavender she would do nothing to help Plaintiff and will testify at trial. Also Dr. Shankar told Dr. Maul Plaintiff needed help and was extremely depressed but Dr. Maul refused to help and ignored Dr. Shankar' letters. Ms. Mosely also contact Dr. Maul, Dr. Shankar and mental health providers asking for Plaintiff to be able to do journaling on computer but was denied, in fact Janet Smith AIC coordinator wrote Plaintiff could have her OCA write her journaling. Plaintiff will produce these letters (Exhibits in discover as she cannot get copies of mental health records even though AR 700-0 5 allow so inmates to have their records. Dr. Miller has also reached out to Warden Long, Gates-Fouse and Little in an attempt to get Plaintiff what she needs but her request are ignored. Ms. Dr. Miller, Dr. Shankar, Dr. Lavender and Ms. Mosely and Major Fowler are not defendants.

4. Retaliation claim: Captain Mestas <u>retaliated for Plaintiff telling her on Friday, 4-15-22 that Plaintiff had been sexually assaulted by Sgt. Josh Lang</u>. On the following Monday Mestas retaliated on 4-18-22 coming in on her day off in street clothing to shaking down Plaintiff cell and taking **all** of Plaintiff's property-Mestas did not send property to intake for one week when other inmates shake down property is returned to intake the day it is removed -this <u>discrimination</u> occurred and Mestas <u>photocopied Plaintiff's legal box and removed files needed for this case</u> as well <u>stole authorized property</u>. Mestas violated CDOC's own rules and regulations when she took/denying <u>prescribed & issued medication (antibiotics) that had to be taken prior to total hip replacement</u> which is a serious life threatening surgery at Plaintiff's age & medical conditions; Mestas is not medical. Mestas confiscated /stole/ denied/ and removed authorized and listed property with Plaintiff having no adequate means to hold Mestas accountable or to get property back. 8[th,] & 1st Amend. Violations, denial of property.

5. Plaintiff is a qualified disabled inmate (vision, hearing, hand impairment, etc.) and entitled to ADA accommodations and Section 504 of the Rehabilitation Act (29 U.S. C.) that <u>meet her disabilities needs</u>, but Janet Smith and A. Jacobson-Sanchez denied her accommodations listed under Mackes Consent decree as Plaintiff was diagnosed with 20/200 vision loss which is the criteria for a computer, scanner & printer , etc. to file ~~grievance~~ grievances independently & take part in programs, services and



activities allowed to non-disabled inmates. Captain Brackney forced Plaintiff to sign a document that she did not need any ADA accommodations even after she signed agreement she needed ADA accommodations or Plaintiff would not be allowed to take the class. Plaintiff told HQ and then Brackney had Plaintiff removed from program for attending three law library appointments to prepare the required Court documents when the Legal Access AR 700- states inmates will not be penalized for attending the law library. Plaintiff had made up the program time by staying over lunch and working. Brackney also refused to follow Dr. Moffitt's medically prescribed accommodations to allow plaintiff to take care of incontinence needs. Plaintiff was denied taking programs non-disabled inmates are allowed.

6. Jacobi threatened Plaintiff and called her a snitch for reporting him for illegal act, thus endangering her life. Violated 1st & 8th Amendment

7. The "Fourth (Third) amended Prisoner Complaint" is included in this 5th amended complaint and all referenced exhibits.

8. Also included in this Complaint "Objections" to Recommendation by Judge Burley.

9. Passover and denial of Religious rights - Standards director - with those he assigned Substancially Burdened My 1st amendment Rights when he denied Religious items needed to practice Judaism. Exhibit 55 and Passover packet exhibit 53 - Discovery will name those who personally Violated 1st amendment Rights  (5)

**STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Deliberate Indifference- Plaintiff alleges she has a Special Relationship with Defendants ~~at~~ CWCF, LLCF and now DWCF, as she has been repeatedly sexually assaulted/raped by CDOC staff, is blind, hearing impaired, wheel chair bound, has multiple medical problems including heart valve that does not close properly, defective Stryker right hip prostheses that causes constant and debilitating pain, E, 51 list of medical problem medical problems that were exacerbated or (CWCF) caused from physical assaults by staff (Sgt. Joseph Smith ie: both shoulders have torn rotator cuffs, foot problems, hand impairment that prevents writing and doing every day activates-hand swells, torn left knee meniscus, received had numerous concussions from Smith- Joseph (CWCF) which is not yet determined to have 2 by Specialist white matter disease/ Not treated by Price, Reilly + 10 or (s) caused the cognitive impairment-short term memory loss). Plaintiff is not suing under supervisor liability but each named defendants or named person below for their actual act or inactions in violating Plaintiff's well established Federal, Constitutional and State rights. There is not enough space to repeat deliberate indifference, Aided-in-agency theory claims, cruel and unusual punishment, unnecessary and wanton To each listed Violation as they apply inflection of pain and state created danger allegations. Plaintiff is not an attorney and operating under severe handicaps. Defendants had a ministerial duty to report staff misconduct, protect victims of sexual assault by staff, investigate and provide security tapes to show violations, failed to investigate in a timely Diagnosis + treatment (Price + Reilly) manner, failed to provide medical as needed to serious medical problems, refused to follow specialist order when there are not qualified CDOC/DWCF medical staff. Defendant Stancil was appointed by Governor Polis so had a duty to implement policy and procedures to protect inmates who were sexually abused and from staff retaliation for Plaintiff exercising her 1st Amendment right to tell the court. Some



I A

*chest pain & heart, vision, hearing, foot, shoulder, & pre-diabetes*

of Plaintiff medical conditions are life threatening and cause continual and ongoing pain, Plaintiff is

including all prior Complaints and all documents filed in this case are to be used as exhibits and are

referenced as part of this Amended Complaint. Due to Plaintiff's brain impairment she probable did not

use the property wording but she is disabled and is being subjected to conditions unsafe for her age and

physical impairments. Plaintiff will submit the Exhibits within one week of sending this action, can't get

copies so will send originals. Short and Plain Statement allegations are included in this Complaint.

Claim one is asserted against these Defendant(s): Governor Polis, Stancil, Warden Ryan

Long, Cerbo, Ray, Janet Smith, A. Jacobson-Sanchez, ~~Jacob~~, Brackney, Contes, and Jacobi, *John Smith*

And Sgt. Josh Lang (deceased), *Crocket, N. Larosa,*

All defendants are under Governor Polis' title 17-1-101, et seg C.R.S. as he is responsible for

appointing the Director of CDOC, Andre Stancil who failed to implement policy and procedure to

protect inmates of staff sexual abuse, ~~etc.~~ *and alleged Vecitation listed Below.*
*See ougenal presoner complaint filed 10/19/23 to Be included.*
*for details and "Objection to Recommendation By Gurley.*

Supporting facts: *and appointment of Counsel.*

(1.)   Plaintiff alleges she was sexually assaulted/raped and drugged by Sgt. Josh Lang on 10/31/21 in

the inmate bathroom room # ____ (Barney 143 F 3d. 1310 #6). Plaintiff alleges Sgt. Lang had access to

her because of his position in CDOC/DWCF as defined in the Aided-in-Agency Theory. Plaintiff had an

appointment with kitchen staff member, Sgt. Josh Lang regarding her "Special Diet" of 'no soy, beans &

cabbage' diet and wanted to know if the kosher diet would meet her 'Special Diet' medical needs and if

the calorie count meet Transgender needs as an FTM inmate.

(2.)   Lang had power and/or authority over her, and when she told him she could not continue the

meeting because she had a severe migraine, he offered her a gray/blue-pill to stop her migraine and she

took it. Plaintiff now believes it was Fentanyl; the pill made her have 'no pain, drunk, and unable to

think', she was not capable of giving consent; after a while he told her he would take her back to her unit as she felt 'light headed" and was leaning over in her wheel chair. Instead Sgt. Lang took her into the bathroom off the kitchen (kidnaping) and sexually abused her; he ejaculated on her back. Plaintiff screamed when he separated her legs and Lang put his hand over her mouth to shut her up. ( *force* )

(3.)   Plaintiff wanted to believe Lang did not penetrate her vagina but now after Mental Health re-enactment she realized that could not have been possible because all she thought of while being bent over the bathroom sink was that her talking watch would break because he was violently banging her against the sink. Plaintiff has a right to body integrity and not be sexually assaulted by staff as that is an 8th Amendment violation-cruel and unusual punishment.

(4.)   On or about 11/1/21 the next day (time) Warden Long was in the unit she asked him if there had been any complaints against Sgt. Josh Lang and Warden Long stated, "he though so" therefore she asked if he would have an investigator contact her.   ( within days of 10/31/21)

(5.)   When Plaintiff did not hear from OIG investigators she began calling the PREA hot line begging to be seen (at least 12 times), 2,1 Plaintiff constantly asked Warden Long every time she saw him if he contacted investigator and he always said yes. Then after about 4 months of being ignored she finally saw Warden Long alone (since she could not speak freely when other inmates were present) and told him the full detailed story of how Sgt. Lang raped and drugged her. Long stated he had no idea it was so severe and finally made OIG investigators come & had DWCF shift commander write a report interviewing her and sending her to medical for an anatomical Exhibit 2  Naturally there was no dated  _____ longer physical evidence as the assault happened 4 months prior.

(6.)   Due to OIG investigators not interviewing Plaintiff in a timely manner they did not get statements from the offenders in her hallway who heard her say, "I am going tell", that she kept repeating to Lang. Inmates did not know what she was going to tell & she did not tell them at that time.

( 8 )

3 4

(7.)    Sgt. Lang was allegedly trading the drug Fentanyl for sex with inmates & he committed suicide 3 days after he assaulted Plaintiff (about 11/4/21); some staff blame Plaintiff for his death. Plaintiff alleges that Lang knew he would be under investigation for his acts with inmates and fentanyl distribution and took the easy way out; according to a person who attended his service, his sister stood up and stated he was a "disappointment to his father and caused him much grief".

(8.)    Plaintiff later learned that Captain Cerbo, Lang's supervisor had Lt. Ray counsel Lang for being "too familiar" with inmates; Lt Ray showed Plaintiff the notice on the kitchen computer he sent Cerbo when she was in the kitchen to discuss a problem she was having with her diet. Plaintiff will not be able to produce this notice/evidence until discovery is allowed.

(9.)    Director Stancil failed to implement policy that would protect inmates who are sexually assaulted by staff from staff retaliation. The OIG's office failed to investigate in timely manner and to have an adequate security system that is not erased in 7 days to show staff misconduct & DWCF lacks enough security cameras to protect inmates. Plaintiff was not the only DWCF Lang sexually violated, offender Jane Doe had sex with Lang on October 17, 2021 in exchange for Fentanyl, she is afraid to come forward but will testify at trial when subpoenaed. ( other inmates will also testify about fentanyl )

(10.)    Plaintiff alleges the requisite degree of culpability on the part of the CDOC /DWCF staff as the prevailing state-of-mind standard is deliberate indifference which can plausibly be alleged when DWCF supervising staff (Cerbo and Lt. Ray) chose to ignore and/or disregard Sgt. Lang "being counseled for being too familiar with inmate". Cerbo and Lt. Ray inaction or failure to act was certain to result in a constitutional violation, when they consciously or deliberately chooses to disregard the risk of harm being 'too familiar' would cause especially since Cerbo had an inmate transferred from DWCF kitchen to LVCF for allegedly have a "relationship" with Lang. Discovery will produce the name of this inmate. Cerbo and Lt. Ray had a ministerial duty to report Sgt. Lang to the OIG's officer for

4 A

investigation. See restricted Administrative Regulations regarding staff conduct in addressing staff misconduct as Plaintiff is not allowed to have this AR; discovery will prove these violations.

(11.) Plaintiff alleges the CDOC policy and/or practice stated in Administrative Regulation AR 150-01 #21 which states, "An offender will not be charged with sexual misconduct or sexual harassment if the employee, contract worker or volunteer **consented to the sexual or romantic relationship.**" Plaintiff alleges this proves Director, Headquarters, Administration & staff know sexual misconduct is going on ; staff uses this to coerce inmates into having sex. This AR shows policy and procedures and an affirmative link to Plaintiff being sexual assaulted.

(12.) Plaintiff alleges AR 150-01 is clear evidence that it is an officially promulgated policy; or at least an informal custom amounting to a widespread practice that decisions making staff/ policymaking with authority have ratified this for their subordinates; or failed to adequately train or supervise employees when to report staff misconduct that leads to sexual abuse by staff. ( Cerbo + Ray)

(13.) If this court wants to see the correlation between policy and custom under CDOC/DWCF they just have to look at the fact that Denver Women's (DWCF) has the reputation for being the highest in staff sexual misconduct, court fillings and newspaper reports. Exhibits 4 + 5 . Or look at the DWCF victim's report done by Hawaii Department of Justice. ( don't have will get at Plantiff alleges  discovery)

(14.) The fact that CDOC's policy is to allow staff who are accused of sexually abusing inmates to 'resign instead of filing charges' is a policy even though not written policy it is the official policy. As Warden Long stated, "we do not charge them because then we would have to pay for their defense". The 10 circuit Court of Appeals stated that previous complaints of harassment could serve to put the employer on notice even if the employer did not know that this particular plaintiff was one of the perpetrator's victims (Hirase-Doi, 61 F. 3d at 783), this along with the many law suit against DWCF staff for sexual abuse would have put Cerbo and Ray and all staff on notice that they needed to report

10

5 A

*should Be enough*

Lang; this ∧ evidence staff needed further training on <u>when to report staff misconduct may be inferred.</u>

(15.)    Since this is the third time Plaintiff has been sexually assaulted/raped by a CDOC staff member she understands the work required from the court not wanting to admit that CDOC had knowledge of the propensity for staff to sexually abuse inmate (as it was well published that Denver Women's correctional Facility is leading in the states for staff sexual assaults)(Exhibits _4_ & _5_ ) and the retaliation an inmate receives when they report being sexually abused by staff,  she tried to settle these legal claims out of court.

**(16.)**    <u>Plaintiff knew she was not strong enough to fight CDOC due to her medical conditions, age and disabilities. Her proposed settlement offer would have **cost CDOC less than $10,000.00 out of pocket** expense and for the 10 accommodations needed to settle the various claims & assist with her disabilities excluding medical care/treatments.</u>  Mental health has documented that Plaintiff states she cannot take the harassment, discrimination ∧*retaliation* and abuse she receives and this constant stress is causing health problems and a desire not to live under these circumstances Exhibit _6_ . Her offer was laughed at, she was told she would be <u>dead</u> by the time this went to court thus no case. Plaintiff alleges she wants former Appeals court ruling to be included ~~as~~ *in* this case *and is still doing to Plaintiff.* as it shows what CDOC does to inmates that tell See Coit v Zavaras 175 Fed. Appx. 226- <u>It took Plaintiff 9 years to get justice from this court's decision to dismiss her staff sexual abuse/rape case at CWCF</u> and Plaintiff alleges she will not live that long. How many times does Plaintiff have to get raped by staff till this court does something about it?

(17.)    Defendants and staff at DWCF knew Plaintiff was a risk for staff retaliation as Exhibit _7_ (stating she was placed in segregation purportedly for her own protection from staff at Denver Women's facility) shows but Warden Long nor anyone else assisted Plaintiff when she told she was being harassed, retaliated against and discriminated against for exercising her 1st Amendment right to Access the court and report staff sexual abuse/rape. In fact they (~~Long met~~ *Plaintiff met* with Long about 10 times & sent

⑪

6 A

letters Dr. Maul and HQ *Plaintiff and Plaintiff* HQ told Long not to talk to me; Met with Gates-Fouse about 4 times, with Major Little 3 times and Fowler at least 10 times but he is not a defendant, however no one would help me with staff retaliation or with getting ~~my~~ ADA/disabled needs met or with getting medical items needed. With Price about 4 times with her ~~treating~~ *threatening* me and taking away accommodations, equipment and aids\ *Exhibit 1A & 1B* Plaintiff has had for years-retaliation for naming her in law suit and for filing grievances, she has been deliberate indifferent to my serious medical needs and refuses to schedule medical appointments with specialist capable of treating and addressing serious medical need *that cause severe pain.*

(18.)    When Plaintiff asked Warden Long why DOC did not press charges on staff have sex with inmates, he said, it was too expensive, it was cheaper to just let them resign then they do not have the expense of representing them. Plaintiff alleges this deliberate indifference on the part of the CDOC/DWCF staff (Director Stancil, Warden Long, supervisors (Cerbo and Lt. Ray) and staff demonstrate a direct correlation between the attitude, and almost inevitable foreseeable Constitutional injury Plaintiff has experienced with staff sexual abuse/raping *and retaliating*

(19.)    <u>Plaintiff is NOW requested 8 million plus in</u> damages; at 77 years old, no one needs to be sexually assaulted by staff and rape serves no legitimate penological goal. This is the 3rd time she has been sexually assaulted by a staff member. See cases _____.


(20.)    In Plaintiff's 8th Amendment Deliberate Indifference claim- Medical provider N.P. Reilly when provided *Plaintiff* ~~with~~ a letter from attorney for class action against Stryker putting in Plaintiff's defective right hip prostheses refused to even allow Plaintiff an X-ray which is all that was required to join the class action ($500,000.00 settlement for Plaintiffs defective prostheses Exhibit ___). Instead Reilly told her that she could "<u>tell</u> if her prostheses was defective", that she would be screaming in pain and not be able to function. Plaintiff reminded Reilly that she has documented that she has had hip pain for years as

(12)

*Plaintiff alleges this should be decided by a jury if Reilly was negligent or was deliberately indifferent to serious medical need.*

medical records shows Reilly orders an X-ray even when an inmate claims her ankle hurts and is not even swollen but she refused for 2 years until after class action closed *(Retaliation)* to allow Plaintiff an X-ray that show prostheses was loose. Exhibit 9 . Plaintiff hurts all the time, can't sleep or lay on right side, bend and cannot even get wheel chair that fits or causes needless pain. Dr. Maul refuses to let Plaintiff purchase a wheel chair that fits her body and is owned by another inmates who is willing to sell plaintiff her custom wheel chair at no cost to CDOC as Plaintiff's family will pay for wheel chair for her cell. *Ex 10*

(21.)   Denver Health orthopedic surgeon, Dr. Austin Heare stated, Plaintiff would not survive surgery of her right hip removal of defective Stryker prostheses and replacement. Plaintiff alleges due to ~~the~~ *Reilly's* **delay** Plaintiff ~~will~~ *alleges she will* have to live in pain for the rest of her life, Reilly's deliberate indifference to plaintiff ongoing & constant pain; Reilly's refusal to treat Plaintiff's pain except for ineffective means is not just ineffective but criminal as medical records show Plaintiff cannot take pain medication, they make her fall & falling is the leading cause of elderly disability.  CDOC does not allow for non-invasive medical care that Medicare/cade covers.  Exhibit __ X-ray showing Plaintiff's right hip prostheses is loose up to 2~~oe~~ mm/lucency. Etc. Plaintiff alleges there was no legitimate reason for Reilly not to allow x-ray as Plaintiff has been complaining for year and cruel and unusual punishment is illegal especially when done as retaliation for reporting staff misconduct. *as Reilly + Price did — offered no-non-invasive means for pain relief.*

(22.)   Reilly and Price refuse to comply with specialist orders stating that specialist orders are just recommendations *""* even though there is no one here that is capable to override or treat Plaintiff's serious medical conditions. *Ex 11 ortho + neuro recommendation in 'Objection' to* In fact, Price is only a nurse and CDOC appointed her as HSA who can and does *Reilly motion* override DWCF doctors' orders, she has refused to follow Dr. Moffitt's prescribing ice in unit for *Ex 12 felt* plaintiff 2 times per day and insist Plaintiff come to clinic for ice at 9 AM the law library time. Every *Ex 13 Dr. Moffitt* *Price* time Plaintiff goes to the clinic she gets sick with whatever the inmates have (Clinic does not separate sick inmates who are throwing up in trash cans from inmates not sick) as plaintiff auto-immune system



*S A*

is compromised. In retaliation for Plaintiff telling Price that instead of constantly harassing and refusing

to allow ~~NURSE to~~ recommend specialist ~~visits~~ *items, visits* and denying recommended specialist ~~visit~~ *orders* she should

concentrate on her marriage as it was rumored her husband was having an affair with a case manager.

Price that day cancelled 10 of Plaintiff's 'medical restrictions and appliances' in retaliation and has

always been hostile to Plaintiff. Exhibit ~~9~~ *7 A* show that Plaintiff has had these restrictions and appliances

for years. *Price took away rest. restwrns appleances Ex 10 7 B*

(23.) Price refuses to follow specialist from Denver Health orders/recommendations when there is no

one qualified ~~her~~ *here* or at HQ capable of diagnosing or overriding these specialist. Price's retaliation

causes Plaintiff to have ongoing and constant pain and suffering which serves no penological goal. Price

picks and choose which inmates she helps if she likes them. *See 2 avender in Plant. Sample*

(24.) *N. P.* Victoroff destroyed Plaintiff's copy of her x-ray that showed she had latent tuberculosis that

Plaintiff present to her ~~and~~ as evidence Plaintiff submits Victoroff's own medical notice stating that

Plaintiff has latent Tuberculosis *T. B* "that stress or an acute illness could turn into active Tuberculosis."

Exhibit _16_ Plaintiff has enough stress just trying to find an attorney and to meet this courts requirements

to exacerbate serious medical conditions *or T. B.*

(25.) Plaintiff is blind (20/200) Exhibit _17_ and a qualified individual with a disability (cannot read

normal size print so must use the law library for research). *+ Typens.* Plaintiff's vision qualifies her under ADA

and Rehabilitation Act as well as under Mackes Consent Decree she qualifies for a personal computer,

scanner and printer allowed to all blind inmates in CDOC that have a 20/200 vision diagnoses

(defendants Janet Smith AIC coordinator and A. Jacobson-Sanchez legal has denied her these benefits

for no legitimate| *Reason* other than she has filed rape charges against staff exercising her 1st Amend. right to

access the court). Plaintiff has been denied participation in ~~request~~ *(due to disabilities)* programs allowed to all inmates at

DWCF ~~but~~ *and* to educational opportunities. Plaintiff ~~is get~~ *received* a donated computer so no cost to CDOC. *Ex 18*

*donated computer*

*(14)*

9 A

(26.) The most important written contract Warden Long required Plaintiff to sign is the Computer Contract dated 5/10.19 Exhibit ___ which states, "Offender Jill Coit #86530 is responsible for any and all cost related to the computer/printer/accessories." When Warden Long refused to ~~all~~ *allow* Plaintiff to send out compute for repairs, Computer instructor Ms. Cummings said *part* would cost less than $15, he inhibited and interfered with Plaintiff's ability to fulfill obligations set forth in contract.

Plaintiff's computer was damaged by inmates when Mestas removed computer from protected area (Exhibit ___) to where all inmates had access. A liquid was poured into the CPU thus making the computer only turn on sometimes (see grievance Exhibit __ where Major Scott gave Plaintiff a new key board; Scott told Plaintiff he was doing this because he said, "we were partially responsible for damage done since computer was not kept in secure location" Exhibit __. Warden Long used this excuse to take away Plaintiff's personal *Samsung* computer donated by Blind Organization ~~from~~ *for* her. Long refusing to allow Plaintiff to send out computer for repair (interference) thus Plaintiff was unable to fulfill duties of contract. Both Long and Little are deliberately indifferent to Plaintiff's need for a computer to take part in activities, services and programs allowed to all non-disabled inmates. *"Scott not a defendant"*

(27.) Major Little removed Plaintiff's personal Samsung computer on September 22, 2022 (second line states, "the computer that was authorized is no longer authorized as it is no longer operational" Talk about injustice especially when the letter Long wrote to Travis Trani listing the reasons Long gave personal computer to Plaintiff (discovery will produce a copy of this letter). Form that day forward Plaintiff has *NOT* been able to function independently and file legible grievances and take part in services, programs and activities *allowed non-disabled inmates.*

(28.) Plaintiff alleges due to Plaintiff's disabilities (blindness -can't see normal type print and hand impairment-can't write as hand swell (this injury was caused when CWCF Sgt. Joseph Smith sexually abused/raped and beat Plaintiff –See number ~~23~~ *13* . Plaintiff used this computer to for taking part in *medical Dr. Moffat*

15

10 A.

programs, services and activities non-disabled inmates are allowed, filing grievances, write court, write

letters to medical, headquarters, case management and family/fiends. The ~~loss~~ *loss* of this computer

inhibited Plaintiff's access to the court, programs, communication and even medical who can't read her

kites. It stopped her ability for treatment of mental health program for journaling (Exhibit 24 Dr.

Miller report stating, "I know this pt can be very difficult and is involved in law suit, etc. However, **" I**

**really believe she is in significant pain and that the loss of the computer seriously compromises her**

**mental health**…" Plaintiff's psychiatrist. And Exhibit 25 from Mental Health clinician stating, dated

6/26/17, "I am asking that Ms. Coit have access to a computer approximately 2 to 3 times per week for

approximately 2 hours duration. Due to Dequaran's disease and legal blindness, she is unable to employ

conventional method of recording thoughts and feelings." Janet Smith said for

Plaintiff the use OCR's", ex 26.

(29.)   Due to defendants Breach of Contract by Warden Long's interference in not letting Plaintiff send

M.H. mosley

out computer for repair thus denying Plaintiff access to Mental Health Treatment Plan to journal

27                                        and now lang

(Exhibit 29) to help her deal with being raped by 2 CDOC staff members (Smith and Dussart). Wants:

Plaintiff is not requesting money payment but that she be allowed to replace her personal computer with

re-imbursing

CDOC ~~paying~~ cost of computer and putting back all the programs she had including but not limited to

Braille, JAWS, grievances, Administrative Regulations, etc. (Basically what the Mackes Consent Decree

Ex 28 markes

allowed) and for CDOC to allow her to get interlibrary materials including movies, books, etc. from

Denver Library which has a large selection for the Blind. Plaintiff will mail her request to library and

when they arrive Plaintiff will be allowed the materials and will not pay for return shipping. Plaintiff

"                                        ※ Ex 29

will also be allowed to take part in the free Mailing for the Blind government program she had in

Florida. Plaintiff will be allowed a DVD player for her cell for learning Aleph (Religious Programs and

other programs at no cost to CDOC and a Kindle as a tablet for learning. These items cost CDOC

nothing as Plaintiff will pay for DVD, Kindle, and materials except for personal computer & programs.

Ex 30

16

11A

This is fair and justice will be served. CDOC will allow ~~any~~ all repairs to be done by IT people at no cost to Plaintiff and repairs will be made within 7 days of notice to IT with loaner equipment given. Plaintiff will be allowed a printer and scanner that she pays for to keep in her cell and will be allowed to purchase toner for printer, paper and additional computer equipment and programs - no cost to CDOC. for her cell.

(30.)    Regarding Plaintiff's clothing contract Exhibit 31 dated 9/13/22. CDOC Administrative Regulation 850.205 states inmates are allowed to **exchange their clothing every 6 months**. It has been 2 years and Plaintiff still has not received her clothing. Exhibit 32 shows that due to Plaintiff's well documented sensitivity to polyester (causes severe pain, itching and rash that bleeds), she was allowed for the last 20 years to have her family mail in and pay for her clothing except for green uniform and coat Exhibit 33. Warden Long decided that Plaintiff's family would no longer have to pay for plaintiff's clothing since CDOC/ DWCF paid for all other offenders clothing thus his need for requiring Plaintiff to sign a clothing contract. When Warden Long told Plaintiff that Major Little's budget could "not" afford to pay " for her clothing because he was 'out of money' but that when the new money for budge came she would get her clothing, she felt he would was being truthful and she would finally get her clothes Exhibit 34 what clothing items defendants gave Plaintiff only 20 out of 53 owed.  In fact, Warden Long asked her to write a new contract Exhibit 35 dated 1/24/24. Plaintiff did and it was rejected by Little, etc. Exhibit 36 dated 2/9/24-Plaintiff would have accepted this new contract but Major Little refused to add in the 2 nightgowns and 2 shorts in the original contract. In Plaintiff's new proposed contact <u>Plaintiff's family would again pay for her clothing</u> since it had been over a year and Little still had not obeyed (given all items in) the written clothing contact and issued Plaintiff needed clothing. Plaintiff filed (on 1-05-24 attached) a Motion to Compel DWCF Warden To Obey Terms of Clothing and Beading Contract and Provide Footwear Exhibit 37, apparently it did not reach the court because Plaintiff never received a notice.   Plaintiff's proposed new contract was denied and Little (w) still refused to get Plaintiff her

promised clothing (8 panties, 8 socks, 2 sets of long underwear , 2 shorts, 1 more night gown-actually 2

because the night gown provided has now been worn out, 8 bra's). Plaintiff is entitled to defendants

obeying written contract they ~~developed~~ *wrote it ,* she entered contract in good faith and expected contract to be

obeyed. Plaintiff has no choice but to put the *u* breach of contract before the court. Plaintiff asked Long

why no expiration date on *clothing.* contract, Long stated, prisoners were entitled to have clothing that met their

needs and DWCF was required to provide clothing to inmates. Damage done, Plaintiff has been denied

needed clothing for almost 2 years and is wearing rags and worn-out clothes when all other inmates

similar situated in DWCF have been allowed new clothes every 6 months. Remedy:  Due to defendants

breach of contract, Allow Plaintiff's family to again purchase her clothing from outside sources but in

fairness set an amount that defendants pay  $200 per year to reimburse for purchasing outside clothing.

It *would have* cost DWCF approximately $ 799.85 per year to obey written contract, so this is a bargain and

Plaintiff is not requesting any penalty for Breach of written clothing contract.  *provided 3 21.81 over 478. 04*

(31.)    Regarding written contract for hobby crafts Exhibit 3 ∂ dated 9/13/22 signed by Major Little and

drafted by Long and Fowler. This contract was offered because of Plaintiff's disabilities (vision and

hand impairment). Plaintiff was allowed to order outside hobby craft supplies (beading) sources since

canteen did not supply large holed beads, *etc .* In the Montez class action it was documented that Plaintiff

could not take part in offered hobby crafts due to her disability (Exhibit 39 ) so ~~CDOC~~/DWCF allowed

Plaintiff to order beading supplies from outside sources. This contract was to be reviewed every two

years and Warden Long assured Plaintiff the contract would be renewed every 2 years but since Little

did not honor the contract, Plaintiff did not ask that it be renewed. Breach of contract occurred when

Plaintiff's bead order arrived at DWCF and it was sent back , however Plaintiff did not receive a notice

of rejected mail as AR  *300-3∂*  requires so Plaintiff does not know who at DWCF reject her hobby

craft package so can't name Doe's as this court requires. Damage done: Plaintiff was denied doing



hobby crafts all non-disabled inmates are allowed thus discrimination and due process violations alleged

(8th or 1st Amendments). Wants, defendants to allow plaintiff to again purchase hobby craft items from

outside sources and as the penalty for defendants not fulfilling written contract, defendants pay the sum

of $200 per year toward hobby craft purchases for Plaintiff as Plaintiff has been denied taking part in

hobby craft program for over 2 years.

(32.) On denial of access to programs, services and activates allowed to all inmates except Plaintiff, *Brackney's*

Plaintiff alleges, she was removed, excluded from participation and denied the benefits of services,

programs and/ or activities when Captain Brackney required Plaintiff to sign a new employment contact

in Cosmetology stating that she needed "no ADA accommodations" after she had already signed the

employment contract listing all her disabilities and needed ADA accommodations Exhibit ____contract

dated ___ and Exhibit ___ stating new contract stating needed no ADA accommodations. Brackney also *dated —* *dated —*

claimed that because Plaintiff had appointment for the law library (had court deadline) that she was not

allowed to go to the law library or she would remove Plaintiff from the program. Administrative

Regulation AR _____ legal access states inmate will not be penalized for attending the law library. *750-01 exhibit 12*

Plaintiff was forced to choose between education/work and exercising 1st Amendment court access.

Brackney's exclusion denied her benefits, services and programs allowed non-disabled inmates thus

discriminated against her because of her hand impairment (can't write so could not hand write multiple

pages of court documents and due to vision impairment need Law library computer to write complaint.

(33.) Due to Judge Susan Prose refused to allow Plaintiff to make copies for court exhibits , Exhibit

____ Plaintiff alleges Judge inhibited her access to the court by denying the means to provide Exhibits

and Affidavits to use to demonstrate Plaintiff's claims. Plaintiff alleges pages have been removed from *Prove*

mailed legal documents sent to the court and page removed from legal mail <u>from</u> the court and filings

never received by the court, therefore Plaintiff cannot in clear conscience send her only copy with her

*as mail room supervisor will not let Plaintiff send Certified mail using postal stamps sold on Canteen — Ex 44.* **Ma Page**

filings) Plaintiff was not asking for free copies, just to make copies as the law library will not copy

affidavits and decides what Plaintiff is allowed to send to the court. See Exhibits *44* denial of copy of

affidavit and denials to *45* send to court for "Mackes Consent Decree" right to be a 3rd party

beneficiary. Wendy Contes head case manager forbid Plaintiff's case manager from making copies,

when other case managers and even Contes makes copies for inmates she likes. (Second) of Agency §

219(2)(d) (1958)). The control of an employee/guard exerts over an inmate extends into virtually every

facet of the inmate's life;

(34.)   Jacobi threatened and retaliated against Plaintiff for telling he was depressed and wanted to harm

staff. It is illegal for staff to conspire to do inmates physical or mental harm; Jacobi tried to <u>enlist</u>

<u>another offender to do Plaintiff physical harm</u> thus violating Plaintiff 8th Amendment in retaliation for

Plaintiff reporting Jacobi for stating he could get anything he wanted into the prison by the back gate

and his wanting to shoot staff members (Major Gates-Fouse and Wendy Contes); other staff (Ms.

Abeyta –Mental health) ~~and inmates (o oos)~~ reported Jacobi  (to Wendy Contes who took Jacobi'

side and denied Plaintiff to be on any committees even though she was qualified). Jacobi threatened *Ex 46.*

Plaintiff, lied telling her she was his 'para pro' & required her to purchase paper for print she never got.

See Lawson v Harrelson 2008 U.S. Dist. Lexis 67361 and Searles v. Van Bebber, 251 F.3d 869

(35.)   HSA Price has delayed surgery and recommended test from Specialist at Denver Health who *allow. Ex 47*

wanted Plaintiff to have a heart monitor since October 2023 but Price refuses to ~~send in requ~~est. Plaintiff

has heart valve that does not close completer and needs further test as her left leg has been swollen for *and Plaintiff can't walk or stand w/ out pain.*

over 2 years, left Leg is painful and can't put weight on leg-total hip replacement surgery done in 2023 *left*

but left side is numb and Price refused to obey Denver Health Physical therapist and allow Plaintiff to

have the green therapy exercise bands in her cell that Plaintiff had for years till Mestas took them away. *Mestas*

Plaintiff alleges due to Reilly and Price's deliberate indifference she is permanently handicapped and

*Ex 53 A + B denied of green Bands.*

(20)

*15A*

can't lift her left leg up even high enough to cut her toenails. Plaintiff will submit medical records when she gets discover proving these 8th Amend. Violations —cruel and unusual punishment and intentionally inflection of emotional and physical pain. Price continues to deny plaintiff recommended treatment, accessories, accommodations and aids. Price even removed aids and accommodations after hostile meeting with Plaintiff. Retaliation. (*seen cell as prescribed by specialist (DNA) and WCF doctor Moffett — not a dependent*

(36.)   Courts have ruled "If it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." 6 C. Wright, A. Miller & M. Kane,   Federal Practice & Procedure, Civil 2d § 1483 (West 1990). Reynoldson v. Shillinger, 907 F.2d 124, 1990 U.S. App. LEXIS 10855.

(37.)   Plaintiff is requesting that the doctrine of equitable tolling be allowed to saves her action otherwise her claims would be barred by the statute of limitations if this court/ judge insist that this case be dismissed or 'dismissed without prejudice' as her rape case, breach of contracts (computer, hobby crafts and clothing), retaliation, *medical & religious issues* and other claims would be out of time. A dismissal without prejudice turns into a dismissed with prejudice when the statute of limitations is involved.

(38.)   Defendant Captain John Smith and Doe(s) did not follow mandated CDOC Passover rules thus he violated my Sincerely held religious beliefs (1st Amendment) when he did not provide 4 cups of grape juice (16 ounces for services and did not provide all kosher for Passover foods and the hard boiled eggs were not cooked which could be life threatening according to medial nurse, will provide copy of her report in discovery and who worked Passover 2024 and Passover 2023. Exhibit *16* packet of what was done in violations. *for years 24, & 23 Passovers*

(39.)   This is third time Plaintiff was sexually abused/raped by CDOC staff  and Plaintiff alleges when this goes to trial, she will be awarded more than the 8 million she requested for all the Constitutional, Federal &State violations, retaliation, denial of ADA accommodations, denial & delay of medical care, *etc.*

(40.) Plaintiff was housed at D.W.C.F from June 2015 to date and all of the allegations/ Violation occured at D.W.C.F.

41) Ms. Puger, D.W.C.F. law librarian Cancelled the morning Law Library time (exhebet 49) therefore Plaintef didnot have enough time to type the ~~following~~ Federal/ Constutional Violation So she is Submitting Prisoner Complaien Filed 10/27/23 for a detailed Summary of the Violations and which Defendent who cometed the allged acts or ~~inactions~~ inactions

(42) Court says must Provide enough detail to nudge Claimes So here are details for Violition of 1st, 8th, & 14th amedmate. Plaintif ~~alleyes~~ alleges each each named defendent did number 3 ~~repeated~~ these Violition.

(43) all damages are included in the 8 million Plus ~~damaged~~ unless otherwise Stated in "5th amended Complaint"

(44) Personal Partleiation for each difendent is listed after name

A For Governor Polis - See Claim 1 and numbers 3, 4, 6, 7, 61, and 70

22

(B) For Executive Director see ~~claim~~ Stancil's claims 1 — and 3, 4, 5, 6, 7, 20, 57, 58 ~~through~~ 64, then # 66 through 70, 110 throug 113, 115, & 116

(C) For Mestas see Claim 2 and #'s 25 throug 49 retaliation for reporting Staff Misconduct and 56 thoug 60, and 82.

(D) For Price & ~~Doe (s)~~ esq(s) (~~disscovery~~ will Provide Doe's) Action and M ames and Dileborate In denffence see # 50, 62, 66, 67, 103 and Claim 3

(E) For N.P. Victoroff t. B. see 52 & 53 for ~~deliverte indifference~~ Delibate Indiffense to ~~teate~~ Serious Medical need & destrution of records

(F) For Long, Little, Price & Fowle & CerBo & Ray see 8 thoug 28, 59, 74 thoug 76, 80, thoug 86, 91, 93, 98, 102.

(G) For Reilly — ~~Delibete~~ Indiffrence to Seuous medical need, right & left hip etc ~~claim 3 & 40~~ # 67, 68, 103, 104 & Claim 3

(H) For Jenit Smith & Jacobson-Sanchez see 55 71 through 90, 97, 105, 114 throug 116

(I) For Jacobs See 94 & 96

(J) For Cerbo, Ray, Sgt. Josh ~~Lang~~ Haus & DIS & Danny Lake and O I G Inventigations see # and Claim 1 & 1, 2, 8, 9 thoug 28, 95

(24)

(K) For LVCF Claim 4 – raped by ~~Dessant~~ Dussert
at LVCF see 126 thoug 146 if allowed
by Court

(L) For deniel of dental serveces for Broken
tooth and gum ~~disease~~ see #66.

(M) For Contacts see Long, Little, Price and
Fowler #97 thoug 110 for more detail

(N) For other Doe's see #51 & 54

(44) Will send exhibets on or Before 11-20-24
~~when get to Compiller to type~~

(45) Capt'on John Smith DWCF Kitchen (2024)
substantually burdened my 1st amendment
rights when he refused to allow me
to follow the tenets of ~~Judism which~~ which
is my ~~sincerly~~ held religeous Beliefes.
Plantiff did not have time to type the
2024 Violations this motion so is
attaching exhibets 52 Packit that explaiens
the Personel Violations for 2024,
2023, & 2022 –

52 (e) Difendat Capt Cerbot Doe's
Discovery Will Provide name

(24)

(46) Passover 2024 - Substential Bierdening my sincerly held relione Beliefs in Judasim Diffendent's Capt John Smith and Doe '91 into Carred out his orders to not obey rosted Passover rules and tenets requiered of Jews. See ExiBets 52 (A) 1st Amendents Violation for 2024 I Did not have time to type them due to law libray time restrictions so am Including 2024 Packet 52 A - 10 Pages and exhibets on Passover

(47) I will submit last of exhibits When I'm Sceduled for Law Libray on 17-20-24 of Before if I get access to computer

48 See E, 53 - C Doc Passover 2023 sceual I was Denied a copy of 2024 guide but they never Change so you can see What Capt John Smith and who he assigned to Carry out Passover Viotics, I have marked With an **X** What was denied or not fallowed See Page 6. Seders - Services and Page 7 - I was not Served 16 ounces of Grape Juice served only 3 cups 1/2 full made of 12 ounces and when I complained told to move on that was all I was getting by staff. See complant for more detail I was denied prearting and observing my religious Belief.

(25)

(49) There was nothing Provided to put in Bottom of microwave "a flat thick Object" See Page 12 of 13 (Doc Passover Guide

50. Plaintiff appologizes for the hand Written Pages By My OCA — She did her Best at spelling + gromme. I am Blend with hand impairment so My hand hurts when I Write and it is Not legible

Will send Exhibits By 11/20/24 when I have law library access or Before

Respectfully Submitted By lee Court # 6530

Wrighten By OCA Salzbrenner

No Pg 22 See Pg 24 & B for 30 pgs

## B. Defendants Information

All Defendants addresses are  CDOC 1250 Academy Park Loop, Colorado Springs, CO. 80910 and all were at the time of this complaint arose, were acting under the color of state or federal law.

All defendants are sued in their official capacity unless the court allows for individual capacity of a defendant. All defendants violated Plaintiff's 8th and/or 1st Amendment Constitutional Rights and/or the r Colorado Constitution.

MAJOR LISA **GATES**-FOUSE,
MAJOR GARY LITTLE,
HSA NICOLE PRICE,
N. P. DEB REILLY
DR. MAUL,
CAPTAIN MESTAS,
CAPTAIN JOHN SMITH,
SGT. WOMACK,   (2023 - Passover Violation)
JASON SMITH,
K. DELAROSA,
ERIC JACOBI, DR. BROWN,   and.
J. BRACKNEY/L. BORROWS,
L. PUGA,—
K. PERKINS,—  Not a defendant.
JANE AND/OR JOHN DOE(S),
JOSH LANG (DECEASED)
Major KEEGAN FOWLER - Not a defendant
Governor Jared Polis - State Capatal Building, Denver, Colorado
CIS's and Investigators and J. Brackney,

PLEASE ADD THESE DEFENDANT TO LIST ON FRONT PAGE AS THERE WAS NOT ENOUGH SPACE TO ADD THEM. I.E. STANCIL ET AL.

Charleen Crockett,
Janet Smith,
A. Jacobson-Sanchez,
~~Casey Jacobi~~ Hillary Victoroff,
Lt. Ray  and Dr. Brown (M.H.),
Jane and John Doe(s)
see complaint and exhibits for what they did

(28)

## E.   PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?  _X_ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):   The Colorado Department of Corrections

Docket number and court:   1st Law suit in CWCF CAnon City raped/beaten
By Sgt. Joseph Smith Don't have paper work/legal documents Captain
Claims raised: Mestas took my legal documents on 4/18/21 when took all
my property. But do have the Appelant Court Case Number 05-1045
Judge Mc Kay April 7, 2006 one page see attached  ex 1
Disposition: (is the case still pending?
has it been dismissed?; was relief granted?) 2nd law suit again raped by CDOC staff
Michael Dussart at LVCF case number 1:12 cv-00609 WYD-mjw  see
Reasons for dismissal, if dismissed:  attached ex 2 dismissed without prejudice
Michael Dussart and Jane/John Doe(s) #2 & #3.

Result on appeal, if appealed: I sent in appeal but it never reached the courts
My claims are inlcuded in this law suit as it was filed wiothout
Prejudice ( regarding LVCF claims)

## F.   ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

_X_ Yes ___ No (*check one*)  I exhaused all remidies that were available
but remember i am blind with hand impairment so could not read some
Did you exhaust administrative remedies?   grievances & did not have access
to computer some times and am blind so depended on other to type for me
_X_ Yes ___ No (*check one*)



29

Respectfully submitted, *Jill Coit #86530* (handwritten signature)

Jill Coit # 86530 Unit 2 D-120, DWCF P. O. box 392005, Denver, Co. 80239

Revised November **G. REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

I am requesting 8 million dollars plus whatever the court allows and for each claim that list what I want will be honored. See Computer, hobby craft and clothing contract for relief sought. All other claims are included in the 8 million. *and a large Tablet with Rep's put on it so I can read in my cell. Currently CDOC provides tablets with Rep's for inmates use in cell. But it is to small for me to read. I want Tablet now Please.*

**H.   PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Jill Coit* (handwritten signature)
_____
(Plaintiff's signature)

*11-12-24*
_____
(Date)    *goes here, I am Blend and but the same Button that made this error - can't see to fix as the two Buttons on Computer can't Be enlarged so low*
2022)    *CDOC computers not accessable for Blend.*

Certification of Mailing
I swear I placed the above motion in the Unit 2 office for legal mail, first class mail, postage pre-paid to the U. S. District Court 901 19th Street, Denver, Colorado 20294. *under penalty of perjury.*

*Jill Coit*    Jill Coit #86530, Unit-2-D-120, P.O. Box 392005 Denver, Co. 20239

*11-12-24*

30

Defendant 2: _____
                (Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*). Briefly explain:

_____

_____

Defendant 2 is being sued in his/her ___ individual and/or ___ official capacity.


Defendant 3: _____
                (Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ___ Yes ___ No (*check one*). Briefly explain:

_____

_____

Defendant 3 is being sued in his/her ___ individual and/or ___ official capacity.


## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

____    State/Local Official (42 U.S.C. § 1983)

____    Federal Official
        As to the federal official, are you seeking:
        ___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)
        ___ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

____    Other: (*please identify*) _____

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: _____

   Claim one is asserted against these Defendant(s):


   Supporting facts:

# E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):                 _____

Docket number and court:                 _____

Claims raised:                            _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?) _____

Reasons for dismissal, if dismissed:      _____

Result on appeal, if appealed:           _____

# F. ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

        ___ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

        ___ Yes ___ No (*check one*)

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

_____
(Date)

(Revised November 2022)

11/12/24

Dee Clerk of Court.

Please stamp this page to show I submitted 30 pages "Fifth (5th) Amended Prison Complaint as I think that is what Judge Durley ordered me to do." I submitted Objection to the recommendation and it is to be included

I will submit Exhibits as soon as I get Law library access on or Before 11-20-24

Cant 2 offices Verified I sent 30 pages plus this page

Thanks Jill Coit #6530 PO Box 392005, Denver, Co 80239.

Colorado Department of Corrections
Name _D. W. Cor_
Register # _AG530_
Unit _A103_
Bond _392005_
City, State, Zip _Denver_

_DW CP_

_SO-38_

Clerk of Court
U S District Court
901- 19th Street
Denver, ~~Colorado~~ Colorado)

SO295

neopost
11/13/2024
US POSTAGE $000.69⁹
ZIP 80216
041L12205050
FIRST-CLASS



LEGAL MAIL 11/12/24
FACILITY
DATE REC'D
STAFF LAST NAME
ID #    INT
SENDER LAST NAME    INT
DOC #